### FRANK COLLINS v. THE STATE.

#### No. 1422. Decided March 8, 1898.

#### 1. Recognizance on Appeal—Sufficiency.

A recognizance on appeal is sufficient if it states the definition of the offense contained in the statute, though such recital of the offense might not be sufficient in an indictment for said offense.

#### 2. Slander—Former Acquittal.

A plea of former acquittal for slander of one Phebe D. is properly stricken out when pleaded to an indictment for the slander of one Martha Ann D. If the slander was uttered of and concerning the two parties at the same time, and before the same persons, they were nevertheless distinct slanders and consequently distinct cases.

#### 3. Slander—Evidence—Impression of Witness.

On a trial for slander, where the meaning of the language used was manifest and could have but one significance, the statement by a witness of his impression of, and what he understood defendant to mean by the language, was not calculated to injure defendant.

#### 4. Same—Proof of Other Slanders—Intent.

On a trial for slander, proof of other slanderous statements by defendant concerning the prosecutrix, on other occasions, is admissible for the purpose of showing defendant's intent in uttering the slanderous words charged against him in the information.

#### 5. Evidence—Acts, Conduct, and Declarations of Third Parties.

It is not competent to prove the acts, conduct, or declarations of third parties, who have not testified in the case, and are not shown to have acted on behalf of the prosecution, in order to show their animus towards defendant.

#### 6. Same—Proof of Reputation of Another than Prosecutrix.

On a trial for the slander of one A. M. D., where the slanderous words also involved the chastity of P. D., the defendant not being on trial for slandering the latter, it was not error to refuse to permit him to prove that the reputation of P. D. for chastity, was bad.

#### 7. Same—Presumption of Chastity—Charge.

On a trial for slander, it is not error to charge, in the language of the statute, that the law presumes the chastity of every woman.

#### 8. Same—Allegation and Proof.

On a trial for slander, where it was alleged that the slander was uttered in presence of B., and divers others (not naming the others), Held no variance where the proof showed that it was uttered to B., and not in the presence of others—"the others" not having been named in the indictment.

#### 9. Same—Charge.

Where the indictment alleged that the slanderous words were uttered in the presence of B., and the charge of court required the jury to find this fact, beyond a reasonable doubt, before they could convict defendant, this sufficiently excluded the idea that they could convict if defendant made the alleged slanderous statements to others on a different occasion.

**10. Same—Reputation of Prosecutrix.**

On a trial for slander, where the court charged the jury, "The defendant may prove in justification, that the particular imputation which he made against the female, was true, and that her general reputation for chastity, at the time the imputation was made, if any, was bad, and if an inquiry into the reputation of the female establishes that such reputation was at the time bad, the defendant is entitled to an acquittal;" Held, sufficient, and that it was not necessary to give an additional requested instruction in regard to the reputation of the prosecutrix.

**11. Judgment—Amendment of.**

Courts have control over their judgments during the term, and may properly amend them on motion.

APPEAL from the County Court of Palo Pinto. Tried below before Hon. W. S. NEWBROUGH, County Judge.

Appeal from a conviction for slander; penalty, a fine of $100.

The charging part of the information is as follows: "That the said Frank Collins, on the 25th day of May, A. D. 1896, and in the said county of Palo Pinto, and State of Texas, did then and there orally, falsely, maliciously, and wantonly impute to an unmarried female in this State, to wit, Martha Ann Dulaney, a want of chastity, to wit: the said Frank Collins did then and there, in the presence and hearing of Bill Beddo and divers other persons, falsely, maliciously, and wantonly say of and concerning the said Martha Ann Dulaney, 'that she' (meaning Mrs. Phebe Dulaney, mother of the said Martha Ann Dulaney,) 'is the worst whore I ever saw, and the gal' (meaning Martha Ann Dulaney) 'is a damned sight worse whore than her mother, and that there is not a prick in Palo Pinto County that can stretch either one of them,' meaning that the said Martha Ann Dulaney is a whore. Against the peace and dignity of the State."

The charge of the court as to the reputation of the prosecutrix is set out in paragraph 10, supra.

No further statement necessary.

*W. M. Wallace,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $100; hence this appeal.

The Assistant Attorney-General has made a motion to dismiss this appeal, because of an alleged defective recognizance. We have examined the recognizance, and think it good. It would not be good as an indictment, but this is not necessary. It states the definition of the offense contained in the statute.

Appellant filed a plea of former jeopardy, setting up, in propria forma, an acquittal of a charge of slandering one Phebe Dulaney, attaching the indictment in said case, and alleging that it was one and the same transaction for which he was then being prosecuted; that the language imputed to him in the second indictment was one and the same, and the

imputation was made before the same person. An examination of the two indictments does not bear out this assertion. The indictment in this case alleges a certain occasion in which the slanderous words were uttered to Bill Beddo and divers other persons, and of and concerning Martha Ann Dulaney. The indictment in the former case alleged that the slanderous words were uttered in the presence and hearing of Bill Beddo, J. E. Riggs, Ary Putt, and divers other persons; and the language set up in the former indictment is entirely different from that contained in the present indictment. So, they could not be one and the same transaction. But concede that the slanderous words were uttered at the same time and before the same persons. If they were uttered of and concerning Phebe Dulaney and Martha Ann Dulaney, they were, nevertheless, distinct slanders. What may have been said might be true of Phebe Dulaney, and so not slanderous; while the imputation of a want of chastity as to Martha Ann Dulaney might be utterly false, and so slanderous. In our opinion, the court did not err in striking out the plea of former acquittal. See Wheelock v. State, 38 S. W. Rep., 182.

There was no error in the court refusing to quash the information. Nor was there any error, such as would authorize a reversal of this case, to permit the witness Bill Beddo to state what his impression was as to the language used. The meaning of the language used was manifest, and could have but one significance; and the statement by the witness of what he understood appellant to mean by the use of such language was not calculated to injure the appellant. See the question discussed in Dickson v. State, 34 Texas Crim. Rep., 1.

Appellant reserved several bills of exception to the action of the court in allowing the State to prove that appellant on other occasions besides the one alleged in the indictment, to Bill Beddo, made statements to others, imputing a want of chastity to the prosecutrix. We understand the authorities to authorize this character of proof for the purpose of showing with what intent the slanderous words set out in the information may have been uttered. See 2 McClain, Cr. Law, sec. 1053; 13 Am. and Eng. Enc. of Law, p. 490, subdiv. 8, and authorities there cited. It would appear that the proper practice in such case, where this character of evidence has been admitted, is for the court to instruct the jury in regard to the purpose of its admission. But no charges were asked on that subject; and we do not understand appellant to complain of the nonaction of the court in this respect. And, moreover, the jury, by their verdict, assessed the least punishment. So, it can not be said that they used said testimony for any improper purpose, or other than they were authorized to do, to wit, to determine with what intent the appellant may have uttered the alleged slanderous words.

The court did not err in excluding the testimony of the witness Dan Young in regard to what Boon Peddy told him, nor in excluding the testimony of Joe Williams as to what Ep Snow may have said. These parties were not introduced as witnesses by the State, and they were not shown to

have acted in the matter for the prosecution. The animus that may have actuated said Peddy and Snow is immaterial.

Nor do we see any error in the action of the court, excluding the testimony of W. T. Brannon and others, offered by the defendant to prove the general reputation for virtue and chastity of Phebe Dulaney, and to show that same was bad. Appellant was not on trial for slandering Phebe Dulaney. Although the alleged slander, as proved by the State, involved Phebe Dulaney, yet it was a part and parcel of the alleged slanderous statement; and what he said about Martha Ann Dulaney could not be stated without also stating what he said at the same time and in that connection about Phebe Dulaney. What was said about Phebe Dulaney does not appear to have actuated the jury in any respect, as they found the least punishment for the offense of slandering Martha Ann Dulaney. If they had found a greater punishment than the minimum, then, possibly, there might be some ground of complaint. In this connection, however, no charge was requested instructing the jury to disregard all testimony in regard to the language used concerning Phebe Dulaney, save as a part of the res gestæ, and as indicating appellant's animus towards the party alleged to be slandered. As stated above, the jury, without such instruction, evidently did not use said testimony for any improper purpose.

The court did not err in charging, in the language of the statute, that the law presumed the chastity of every woman, etc.; nor did the court err in giving the charge it did as applied to the facts of this case, nor in refusing appellant's special charge number 3, which in effect was for the purpose of instructing the jury that they must find, before they could convict appellant, that he utttered the alleged slanderous language set out in the indictment of and concerning Martha Ann Dulaney in the presence of Bill Beddo and divers other persons, and that they could not convict appellant for statements made at some other time or place to other persons. It is true, the proof only shows that the language alleged in the indictment of a slanderous character was uttered to Bill Beddo, and not in the presence of others. This is not like the indictment in Neely v. State, 32 Texas Criminal Reports, 370, in which it was charged that the alleged slanderous language was uttered in the presence of two persons (naming them) and divers others. In that case it was held that the allegation that the slanderous language was uttered to two persons (naming them) must be proved as alleged. We do not understand said case, however, to hold that, in addition to the two persons named, under the allegation "divers other persons" it was necessary to show that others were present. This is not an essential and descriptive averment; and we hold that under an allegation of the character contained in this indictment, to wit, that the slanderous language was uttered to "Bill Beddo and divers other persons," it was only necessary to prove that the utterance was in the presence of Bill Beddo, and it was not necessary to show that others were present at the time, no others being named. The charge of the court required the jury to find, beyond a reasonable doubt, that the

39th Crim. Rep.—3

alleged slanderous utterance was made to Bill Beddo, before they could find appellant guilty; and this sufficiently excluded the idea that they could convict appellant if he made the alleged slanderous utterance to others on a different occasion, and it was not necessary for the court to give that portion of said special charge.

We have heretofore discussed the evidence as to the language used to others, and it is not necessary to reiterate what was there said. Evidently, the jury used such language for the only purpose for which they were authorized to use it, to wit, for the purpose of showing the intent of the defendant in speaking the alleged slanderous words concerning the prosecutrix to Bill Beddo.

We think the court sufficiently instructed the jury with regard to the reputation of the prosecutrix; and if they found that she was of bad repute, or that the accusation appellant was shown to have made against her was true, then they would acquit the appellant; and it was not necessary to give the requested charge on that subject.

In our opinion, there was no error on the part of the court in permitting the amendment of the judgment in this cause. The court has control over its judgments during the term, and the amendment of the judgment was properly made on motion. We have examined the record carefully, and find no error requiring a reversal of this cause, and the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]