## MUG WHITEHEAD v. THE STATE.

### No. 1481. Decided March 16, 1898.

**1. Slander—Information—Innuendo.**

On a prosecution for slander, where the slander as set out in the information was, that defendant had told one Q. that he had seen the prosecutrix and one B. "getting there," such expression was susceptible of the meaning, and could, by innuendo, as was done in the information, be averred to mean that the parties were having carnal intercourse.

**2. Same—Bill of Exceptions—Requiring Prosecutrix to Submit to Medical Examination.**

On a trial for slander, where the court was requested by defendant to require the prosecutrix to have her private parts examined by physicians in order to determine whether her hymen was intact, and whether she had ever indulged in carnal intercourse, which request the court refused on objection of the prosecutrix; Held, the bill of exceptions was defective in not definitely stating what such examination was expected to develop. But, held further, that the court did not err in this particular case in refusing to require the prosecutrix to undergo an inspection of her private parts.

**3. Same—Proof of Other Language than that Alleged.**

On a trial for slander, where the prosecution proves the slanderous words alleged in the information, it is not error to permit proof of all that was said by defendant at the time—the whole conversation, though portions of it were not alleged in the information, was admissible to give point and color to the alleged slander, and in support of the innuendo.

**4. Same—Proof of Subsequent Slanderous Statements—Animus of Defendant.**

On a trial for slander, it is competent and admissible, as showing the animus of defendant, to prove that subsequent to the slander as alleged, he used the same or similar language to other parties, in regard to the prosecutrix, as that charged in the information.

**5. Same—Evidence as to Proposition by a Witness for Compromise.**

On a trial for slander, while it is not pertinent for a witness to state that he had a conversation with defendant for the purpose of effecting a compromise, it was harmless error.

**6. Same—Opinion or Belief of a Witness.**

On a trial for slander, it was not admissible to prove by a witness that, from his conversation with defendant, he (witness) thought and believed that defendant really had seen parties in the act of carnal intercourse, and that he (defendant) honestly believed that said parties were the prosecutrix and one B., as he (defendant) had stated.

APPEAL from the County Court of Navarro. Tried below before Hon. J. F. STOUT, County Judge.

Appeal from a conviction for slander; penalty, a fine of $100.

The charging part of the information was "that Mug Whitehead, on or about the 10th day of July, A. D. 1897, did, * * * in the presence and hearing of Burney Quinn and divers other persons, falsely, maliciously, and wantonly say of and concerning the said Miss S. A. Walker, that he, the said Mug Whitehead, saw Miss Alice Walker (meaning Miss S. A. Walker, a female) and Lorenzo Bounds (meaning Lorenzo Bounds, a male person) getting there (meaning that the said Miss S. A. Walker and the said Lorenzo Bounds were having carnal intercourse with each other) ; contrary," etc.

Defendant made a motion to quash the information because "the language or terms alleged, to wit, 'getting there,' could not be contorted into a charge that the prosecutrix was unchaste; and the deduction that the prosecutrix and the said Bounds were having carnal intercourse was an unfair one and not borne out by said language; and the State could not show, by innuendo, a more extended and enlarged meaning of said words." The motion was overruled.

No further statement necessary.

No briefs have come to the hands of the Reporter.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $100; hence this appeal.

Appellant excepted to the indictment on the ground that the expression attributed to the appellant in said indictment, to wit, that defendant had told one Burney Quinn that he had seen the prosecutrix and Lorenzo Bounds "getting there," was not language imputing a want of chastity to the prosecutrix, and was not susceptible by innuendo of the meaning attributed to said expression, to wit, that the prosecutrix and Lorenzo Bounds were having carnal intercourse. The use of the expression, by itself, does not convey in terms the imputation of a want of chastity on the part of the prosecutrix, but, in our opinion, it is susceptible of the meaning given it by the innuendo. See 13 Am and Eng. Enc. of Law, pp. 463-466, inclusive, and notes; Zeliff v. Jennings, 61 Texas, 458.

Appellant asked that the court appoint a committee of physicians to

make an examination of the prosecutrix's person, who was 15 years old past, and appeared unusually well developed for one of her age, and was to all appearances full grown and matured. Said examination was asked for to the end that it would develop the fact as to whether or not her hymen was intact, and whether or not, in the opinion of said committee, she had ever indulged in carnal intercourse. The prosecutrix objected to said examination, and the court overruled defendant's application, and refused to allow defendant to have said examination made except with the consent of the prosecutrix. Defendant reserved his bill of exceptions to this action of the court. It is not stated in the bill of exceptions that such examination would show that her hymen had been ruptured, and that she had had carnal intercourse with some person, but the examination was merely asked in order that the committee might investigate, and see whether or not her hymen was intact. If it be conceded that a personal inspection of this character can be ordered and enforced by the court, the bill itself should not be speculative upon this point, but should state definitely what such examination was expected to develop. We know of no case in this State in which this question has been made, nor have we been cited to a decision from any other court. There are cases in which, where a party is plaintiff and the suit is for damages for personal injuries, such inspection has been ordered and enforced by the court. See 1 Thomp. on Trials, sec. 859, et seq. And in some tribunals an inspection of the person of the accused in criminal cases has been ordered, but has reference to matters of identity and of alleged injuries. See 2 Jones on Ev., sec. 402. We apprehend, however, in Texas, the courts would not be inclined to enforce a personal inspection or examination of the defendant on trial in the face of our statutory provision that does not authorize a defendant to be forced to give evidence against himself. See Gallaher v. State, 28 Texas Crim. App., 247. In this case the State was the prosecutor, and the order requested was to require the prosecutrix, who was a witness, to undergo an examination of her private parts. No doubt there may be cases where, in the discretion of the court, such personal view or inspection of the person would be required; but in the nature of things, as said by one authority, "the propriety of such an order must usually rest largely in the discretion of the trial court, and it would only be in the case of a plain abuse of such discretion that the appellate court would interfere." 1 Thomp. on Trials, sec. 862. In this case we hold that the court did not err in refusing to require the witness to undergo a personal inspection of her private parts.

There was no error in the court permitting the State to prove, over the appellant's objection, other language used by appellant at the time he is charged to have used the language to Quinn as contained in the indictment. Of course, in an action of this character, it was incumbent on the State to prove the language charged in the information; but to give point and color to this language, and to support the innuendo, it was perfectly competent to allow proof of all that was said on the sub-

ject at that time between the parties; and the fact that there was no allegation in the information charging such other language would make no difference. There was no variance, because the State had to prove the very language used in the information, and unquestionably all the conversation had at the time could be adduced in evidence, although such other parts were not alleged. Nor, in our opinion, did the court commit any error in allowing proof that on other occasions subsequent to that charged in the indictment, and to other persons, appellant used the same or similar language in regard to the prosecutrix as that charged in the information. Such after-spoken words were admissible to show the spirit and animus of the defendant in speaking the words charged in the information. See Collins v. State, ante, p. 30; Zeliff v. Jennings, 61 Texas, 458; 13 Am. and Eng. Enc. of Law, p. 490, and authorities cited.

While it was not pertinent for the witness Marshall Smith to state his motives in talking to the defendant in regard to the alleged slander, yet we fail to see how his answer could in anywise have been injurious to the appellant. It was the conversation, if anything, that was injurious, and not how he came to speak to him in regard to the matter. The fact that his purpose was to effect a compromise, though immaterial, was harmless.

Defendant offered to prove by the witness Marshall Smith that he believed from the demeanor and statements made by the defendant in his conversation with him about the alleged slander, that said defendant had really seen some parties in the act of carnal intercourse, and that he honestly believed that the said parties were the prosecutrix and Lorenzo Bounds. This testimony, in our opinion, was not admissible. It was a mere belief or inference the witness drew from the acts and conduct of the appellant. The appellant himself was on the stand, and he not only asseverated his belief, but stated that they were the identical parties that he saw.

There is no charge in the record, and we presume that the court gave a proper verbal charge, as no complaint is urged on that ground. We have examined the statement of facts carefully, and, in our opinion, the proof sustains the allegation in the indictment. The judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]