## T. J. WEST v. THE STATE.

### No. 2633. Decided January 28, 1903.

**1.—Slander—Evidence.**

On a trial for slander it is not permissible to prove by defendant, who was a witness in his own behalf, what his, defendant's, wife had told him the prosecutrix had told her with reference to her having carnal intercourse with her brother. The testimony was hearsay, and did not tend to prove the slander alleged against defendant, which was that he himself saw prosecutrix and her brother Carl having intercourse in C.'s pasture.

**2.—Same.**

On a trial for slander, charged as above, it was competent to prove by a witness that defendant, in a conversation with him, stated that he had seen Carl, the party alleged in the indictment, "diddle Emma Nelson," the prosecutrix. Following Collins v. State, 39 Texas Crim. Rep., 30.

**3.—Same—Evidence—Variance.**

Where the slander imputed in the indictment consisted in defendant saying, "I saw E. N. having intercourse with Carl in your pasture," it was not competent to prove by the party to whom the statement was made, that defendant said, "Carl and E. N. came out in the pasture, and he done it to her right there," because this statement is variant from the slander as charged. The proof must correspond with the allegations. Barnett v. State, 35 Texas Crim. Rep., 280.

**4.—Same—Charge as to Truth of Defendant's Slanderous Statement.**

On a trial for slander, where defendant admitted the imputed statements and testified that he saw the act stated by him, a charge of the court to the effect that, if defendant's statement was true, or if the jury had a reasonable doubt as to that matter, they should acquit, was sufficient, without adding, as requested, that they should acquit if defendant had good reason to believe his statement was true.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale, County Judge.

Appeal from a conviction of slander; penalty, a fine of $100.

The opinion states the case.

*M. M. Parks,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of slander, and fined $100. The slander charged is thus stated in the indictment, "in substance, as follows, to wit: 'I saw Emma Nelson having intercourse with Carl in your pasture;' meaning thereby that he, the said T. J. West, saw Emma Nelson having carnal intercourse with her brother, Carl Nelson, in the said J. B. Carsey's pasture." While appellant was testifying in his own behalf, it was proposed to be proved by him that his wife had informed him that Emma Nelson had told her that she (Emma Nelson) was afraid she was in a family way, and wanted to know of defendant's wife what she could take to relieve her of the child; and defendant's wife asked her how she came to be in that condition, and that Emma told her she had been intimate with Carl, and that she and Carl had had carnal intercourse with each other in Mr. Carsey's pasture; and that this was stated to him by his wife before the conversation between himself and Mr. Carsey. The object

or purpose for seeking the introduction of this testimony is not stated. It is hearsay, and does not tend to shed any light upon appellant's statement. His statement to Carsey was that he himself saw the act of intercourse, and it is not stated as upon the information of his wife. The witness Sliger was permitted to testify for the State that in June, 1901, he had a conversation with appellant, in which, in answer to the question by him, appellant informed him that he had seen Carl "diddle Emma Nelson;" and he further testified that he was not present at any conversation defendant had with J. B. Carsey. This is objected to because immaterial, irrelevant, and did not establish the slander charged in the indictment. Under the authority of Collins v. State, 39 Texas Crim. Rep., 30, this was admissible.

Carsey, on cross-examination, stated that he was the Carsey named in the indictment; that he and appellant had the conversation which forms the predicate of this indictment. This conversation was as follows: " 'Carl and Emma Nelson came out in the pasture, and he done it to her right there. He played with her about half an hour.' This is all the conversation he had with me about this matter. He never told me she was unchaste, nor did he ever tell me she was wanting in chastity. He never used to me the following words: 'I saw Emma having intercourse with Carl in your pasture.' All he stated to me was, as I have testified, 'And they came out in the pasture, and he done it to her right there.' No one was present when he made this statement to me, and no one else heard it." This is the only witness for the State who undertook to testify to the language used by appellant which forms the basis of this prosecution. On direct examination, this witness stated: "That he [referring to defendant] was telling me about what he saw done in my pasture between Carl and Emma. He told me just where he claimed it occurred. I can not remember the words defendant used. I can not tell the exact words used. He was telling me what happened. He said that he saw Carl and Emma come down there, and he watched them, and saw what they did. I can not remember what he said that he saw. It is impossible for me to give the exact words. In substance, he told me that he saw Emma having intercourse with Carl in my pasture. He was speaking about Emma Nelson and her brother, Carl Nelson. He told me what he saw them doing. He told me all about it. He meant that he saw Emma having carnal intercourse with Carl. He seemed to be mad at the Nelsons. He went on to tell me about some trouble with them. It was about some trouble between the women folks."

Bill of exceptions was reserved to the refusal of the court to instruct a verdict for the defendant, under the above recited facts, because the State had failed to make out a case against defendant under the law and the indictment. Wherein this failure consists, is not pointed out. It is contended in the brief that there is a variance between the allegations and the evidence. Under the repeated rulings and decisions of this court, it is necessary to set out the substance of the language which

imputes the slander. Therefore it is necessary to prove it substantially, and a variance between the language set out and that proved would void a conviction. Speaking of this, this court said: "Another well established rule is, in such cases, that, it being necessary that the slanderous words should be substantially alleged, it follows that they must be substantially proved. This means that the essential, important, material portion of the slander, as alleged, must be proved. All the words alleged need not be proved, but enough of them must be proved, as laid, to constitute the offense. It will not do to allege one and prove another. The proof must correspond with the allegation. This is an elementary rule governing in criminal as well as in civil cases, and can not with safety and justice be disregarded." Humbard v. State, 21 Texas Crim. App., 200; Conlee v. State, 14 Texas Crim. App., 222. The question of variance is relied on, and we believe it exists between the proof and the allegations. The indictment alleges appellant said "he saw Emma Nelson having intercourse with Carl;" meaning Carl Nelson, her brother. His statement to Carsey was "that 'Carl and Emma Nelson came out in the pasture, and he done it to her right there. He played with her about half an hour.' He never used the word 'intercourse,' but said to me, as I have testified, that they came out in the pasture, and he done it to her right there." Now, if there is a variance, it is between the statement alleged, that Carl Nelson had intercourse with his sister, Emma, instead of the language that he came out in the pasture and "done it to her right there." It seems this constitutes a variance. For discussion of the identical question, see Barnett v. State, 35 Texas Crim. Rep., 280.

The court was requested, and refused, to charge the jury that if the defendant used the language charged, but they further find that he did so having good reason to believe it was true, they should acquit. The court instructed the jury that "if they believed from the evidence that the statements made by defendant concerning Emma Nelson, if any were made, were true, or if they had a reasonable doubt as to whether or not statement was true, they should acquit." The charge given by the court was directly applicable to the state of case made by the defensive testimony. The defendant himself testified that he told Carsey about seeing the parties having sexual intercourse, and further testified that he was there in Carsey's pasture, and saw Emma and Carl come out there, and saw him have connection with her; that he did not recollect the exact language he used in talking with Mr. Carsey. The court's charge sufficiently instructed the jury, if they believed what defendant stated, they should acquit.

For the error indicated, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*