## Will Bowers v. The State.

No. 2436.   Decided May 27, 1903.

**1.—Substitution of Complaint—Practice.**

A defendant has the right to contest the substitution of a lost complaint and information, and to be heard by evidence on his contest.

**2.—Same.**

A refusal to allow a defendant to contest the substitution of a lost complaint or information becomes harmless error where, after substitution, he has been permitted to assert his contest on a motion to quash.

**3.—Same.**

Where a complaint is proposed to be substituted, the only contest that can be made is that the substituted paper is not a substantial copy of the original. If an affiant to a complaint did not read or have the same read over to him, it was his fault, and defendant can not be heard to complain of this matter on his contest.

**4.—Continuance.**

A second application for continuance is properly overruled where there was no proper diligence to get the witnesses or take their depositions.

**5.—Slander—Physical Examination of Prosecutrix.**

On a trial for slander the court can not, over objection of the prosecutrix, order her examination by physicians to ascertain whether her private parts had been penetrated by a male organ.

**6.—Same—Evidence.**

On a prosecution for slander, it was irrelevant, but harmless error, to prove that the father of prosecutrix had a wife and four children and was a renter.

**7.—Same—Character of Prosecutrix.**

On a trial for slander. which was alleged to have occurred about a year before the trial. it was incompetent to prove that the character of prosecutrix for virtue and chastity was good at the time of the trial. Such evidence is inadmissible to prove that the prosecutrix had sustained no damage or injury to her character by the alleged slanders.

**8.—Same.**

On a trial for slander. the general reputation of prosecutrix, after the slander, and the opinion of her neighbors, and how they received and treated her, was inadmissible, and the vice of its admission was emphasized by argument of counsel and hurtful to defendant.

**9.—Same—Declarations of Defendant.**

On a trial for slander it was incompetent to prove defendant's declarations when told of the slander, and which were not confessions by him, and not pertinent to the case.

Appeal from the County Court of Coleman. Tried below before Hon. B. F. Rose, County Judge.

Appeal from a conviction of slander; penalty, a fine of $500 and twelve months imprisonment in the county jail.

The information charged appellant with the slander of Willie Conner, an unmarried female, by saying, in the presence of W. C. Erwin and divers others, that he, defendant, had had illicit sexual intercourse with said Willie Conner.

*F. L. Snodgress* and *T. R. Austin,* for appellant.—Before trial appellant filed motion to quash substituted complaint and information, and attached thereto was the affidavit of W. C. Erwin, the affiant in the complaint, stating the complaint was not read over to him at any time;

that he did not swear the statement made by Will Bowers was either falsely, maliciously, or wantonly made, or that he believed they were so; that he would not then, and would not now, swear that the statements were made either maliciously or wantonly, or that they were false, or that he believed such to be the case. That all affiant stated on that occasion under oath was that the statement was made by Will Bowers. The evidence showed that the complaint was not in fact sworn to, and motion to quash set aside and abate should have been sustained. White Code Crim. Proc., art. 34, p. 39; art. 467, p. 292; art. 559, p. 560; Dodson v. State, 35 Texas Crim. Rep., 571; Jennings v. State, 30 Texas Crim. App., 428, 18 S. W. Rep., 90; 2 Texas Crim. App., 186; Robertson v. State, 25 Texas Crim. App., 529; Scott v. State, 9 Texas Crim. App., 434.

The court erred in overruling motion of defendant requesting the court to appoint a board of reputable physicians to examine the prosecuting witness, Miss Willie Conner, and in not appointing such committee. Appellant filed motion asking the appointment of a board of reputable physicians to examine Miss Willie Conner, stating under oath that the examination would show she was not a virgin; offering to pay for such examination; and there were reputable physicians here who could have been secured, but the court overruled said motion and declined to appoint the committee. Whitehurst v. State, 45 S. W. Rep., 11; Bartlett v. State, 51 S. W. Rep., 918.

The court erred in permitting the witness Rube Cope, after stating that he was acquainted with the general reputation of Willie Conner in the community where she lived for virtue and chastity both before and since the alleged slanderous reports, to state that her said reputation was good now for virtue and chastity, because said testimony was, first, incompetent, in that the general reputation should be confined to the time of the alleged slander, and prior thereto; second, to permit the answer would be placing before the jury the opinion of the community upon the alleged slander; third, prejudicial and calculated to injure the rights of defendant; fourth, was in effect putting before the jury public opinion of the people of the community upon the slander charged.

The above testimony was admitted over appellant's objection as shown. If the people had not believed her chaste, her reputation for chastity would not have been good at the time of trial. But Cope said it was good at the time of trial, therefore the people believed her chaste. Had he not as well testified that the people believd her chaste? But why take it second-handed? Why not ask the people if they believed her chaste? If she was chaste, appellant was guilty. Then let us just ask the people if they believe appellant guilty. That was not as fair as the Arkansas justice of the peace who first took the opinion of the witnesses on whether or not defendant was guilty, then got the verdict by the vote of the crowd. They gave appellant's friends no chance to vote.

General reputation of alleged slandered female must be confined to

time preceding slander. It is error to prove before the jury the opinion of the people of the community that she is chaste, and the slander untrue.

The court erred in the following matter: While the witness Rube Cope was on the stand, he was asked by State's counsel, over defendant's objection, the following question: "Notwithstanding the slander-ous reports against Willie Conner, state whether or not she visits the houses and families generally of the neighbors there in the community where she lives, and whether or not the neighbors and young people since then visit the said Willie Conner at her home." To which question and answer defendant objected because same was incompetent, in that the proof should be confined to general reputation as original evidence; second, that to permit the answer would be placing before the jury the opinion of the neighbors upon the alleged slander; third, prejudicial and calculated to injure the rights of defendant; was in effect putting before the jury the opinion of the neighbors upon the alleged slander charged. The State through her attorney, in discussing the objections of defendant, in the presence and hearing of the jury said: "This testimony is admissible, material and important, because it shows that notwithstanding these slanderous reports Willie Conner is taken and received in the homes and families of the best people of the community where she lives. By that act these good people say, they don't believe these reports, for if they had the least doubt about it, she would be excluded from their homes. I for one believe in the doctrine of 'Vox populi vox Dei'—the voice of the people is the voice of God. This is true in my judgment in all cases, and should be true in this." To which argument defendant objected on the grounds that same were improper; that the voice of the people had nothing to do with it. And thereupon said witness in connection with said argument answered said question over defendant's objection as follows: "Since this slander, I could state it only in this way; she goes to my house and my son's house, and if anyone has forbid her from coming to their home I never heard of it." Defendant further objected to said answer after same was made, because same was in effect putting before the jury the opinion of said witness and his son upon the alleged slander.

The court erred in the following manner: While defendant Will Bowers was on the stand the State asked him the following question: "Is it not a fact that some time last fall, while you and Walter Burroughs were talking about what Dock Gipson had said about Willie Conner, that in that conversation you said Dock ought not to have told it; that old man Conner ought to, or if you was old man Conner, you would shoot his head off?" To which question defendant was compelled to answer, "I said something to that effect," and was compelled in that connection to further testify that he meant by said statement that said Conner ought to hurt them for having intercourse with his girl; that if he defendant had been in Conner's place he would have hurt them pretty bad. That he never would have brought the matter

into court; that if he had a girl and a man would have intercourse with her, and he found it out, he would not bring the matter into court, but would hurt him pretty bad. Because said evidence was incompetent, prejudicial in its character, calculated to injure defendant's rights; and second, was not a confession.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $500 and twelve months confinement in the county jail.

By bills of exception numbers 1 and 2 appellant calls in question the action of the court permitting the State to substitute the lost complaint or affidavit on which the information was filed, and the information. It appears that when the State was substituting said lost papers appellant desired to interpose an objection to the same and to be heard by evidence on his contest. This the court refused, remarking that he could not intervene or contest the substitution, but when the papers were substituted the court would entertain his motion to quash or abate the substituted papers. In this we think the court was in error. The substitution of a lost complaint or information is a judicial act, and is upon notice, and it is competent for the defendant to contest the substitution of said papers, if he sees fit. Art. 470, Code Crim. Proc.; Carter v. State, 41 Texas Crim. Rep., 608. However, inasmuch as appellant asserted the same matters on his motion to quash, we see no error in the action of the court, as in our opinion the same did not present any sufficient reason for contesting the substitution or quashing the complaint and information, as was attempted.

Appellant proposed to show by W. C. Erwin, the party who swore to the complaint, that the complaint was not read over to him; that he did not state that said *Bowers* falsely or *maliciously* made the statement in said affidavit alleging a want of chastity of prosecutrix; or that the said allegation was false, or that he believed such to be the case. It will be observed that this witness does not undertake to say that the substituted complaint was not an exact copy of that sworn to by him, and, as we understand it, the only contest that can be made, when a complaint is proposed to be substituted, is that the substituted paper is not a substantial copy of the original. If Erwin did not read the complaint or have it read over to him, it was his fault; he swore to it. Of course, if he did not make the affidavit or swear to the complaint, there was no complaint, and this could be shown. Carter v. State, 41 Texas Crim. Rep., 608. However, such is not the case as presented here. We do not believe the court committed an error in overruling appellant's motion to quash and strike out the complaint and information.

As to the motion for continuance, we do not believe appellant used proper diligence, either to get the witnesses or take depositions—this being his second application for continuance.

During the trial appellant made a motion to have the court order an examination of the private parts of the prosecutrix by reputable physicians, alleging that such examination would show that her hymen had not been ruptured and destroyed by a male organ penetrating the same. (In this connection it is proper to state that appellant's defense consisted of an effort to prove the truth of the allegation; that is, that he had had carnal intercourse with prosecutrix.) This motion was objected to by the State, on the ground that the court had no authority to make such order. The court sustained the objection, and declined to appoint the committee of physicians, and to authorize them to subject prosecutrix to a private examination. In Whitehead v. State, 39 Texas Crim. Rep., 89, some of the authorities bearing on this question were examined. Although the case is not decisive of the question here presented, it was intimated there that the court had no authority to enforce such an order; and we now hold that the court did not err, when prosecutrix objected to the examination, to refuse to make the order. Of course, if prosecutrix had been willing to submit to the examination, and such examination would tend to solve a disputed issue in the case, it would be entirely competent for the court to make the order.

It does not occur to us that it was pertinent or material to prove by the father of prosecutrix that he had a wife and four children, and that he was a renter. However, we do not believe this testimony was calculated to injure appellant's rights, certainly not to the extent that requires a reversal.

Appellant presented a number of bills of exception to the action of the court permitting the State to prove that the character of prosecutrix for virtue and chastity, at the time of the trial, was good. This was objected to, on the ground that the alleged slander occurred about a year before the trial, and that the reputation of prosecutrix should be confined to the time of the alleged slander and prior thereto; that to permit the evidence would be placing before the jury the opinion of the community upon the alleged slander long after it occurred; and that this testimony was calculated to discredit appellant's witnesses, who testified to acts and conduct of prosecutrix showing a want of chastity. In civil cases of slander, we understand the rule to be that it is competent to show an impairment in the plaintiff's character attributable to the alleged slander, and this would seem to be a correct rule as applicable to criminal cases. But here the proposition is to show that prosecutrix had sustained no damage or injury to her character occasioned by the alleged slanders, which would tend to show that the community discounted or did not believe the charge, and so afford an indirect method of impeachment of appellant's witnesses; at least it was strongly urged in the argument for this purpose. We hold that this evidence was not admissible.

To intensify the error discussed in the foregoing paragraph, the court permitted a number of witnesses to state how they personally regarded the character of prosecutrix at the time of the trial, and to testify that

their families associated with prosecutrix, and they received her into their families since the alleged slander had been promulgated, and that the neighbors received her on terms of social equality, and evidently did not believe the charge. When this character of testimony was objected to, counsel for the State replied that this testimony was admissible, and remarked "because it shows that, notwithstanding these slanderous reports, Willie Conner is taken and received into the homes and families of the best people in the community where she lives. By that act these good people say they don't believe these reports, for if these people had the least doubt about it she would be excluded from their homes. I, for one, believe in the doctrine 'Vox populi vox Dei'—the voice of the people is the voice of God. This is true, in my judgment, in all cases, and should be true in this." This character of argument was objected to. Of course, if, as held above, the general reputation of prosecutrix, as proven, was not admissible in evidence, the individual opinions of the neighbors and how they received prosecutrix was much more objectionable, and the vice of its admission was emphasized by the argument of counsel. This evidence, as offered, and as used before the jury, was evidently hurtful to appellant. It was calculated to discredit his witnesses, and may have indirectly enhanced the verdict against him.

The State was permitted to prove, over defendant's objections, by another witness, and also by himself, that when some one told him that Will Gibson had stated that he had had intercourse with Willie Conner, that he (appellant) said Gibson ought not to have told it; that if he was old man Conner he would shoot his head off. Appellant further testified that if he had a girl and a man would say that about her he would never bring it into court, but would hurt him pretty bad. This was objected to, because it was not a confession, but related to what some one else had done and said; was not pertinent to this case, but was prejudicial to defendant. We do not believe this testimony was admissible. It is not necessary to discuss other assignments, but for the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*