### J. W. Roberts v. The State.

No. 3690. Decided February 13, 1907.

**1.—Slander—Information—Singular Number—Innuendo.**

In a prosecution for slander of female, there was no error in refusing to quash the information because the singular number was used in the first instance, and then the information set out a slander concerning two women; neither was any innuendo averment required.

**2.—Same—Variance—Allegation—Proof—Language in Slander.**

Where upon trial for slander, the proof of the language used by the defendant on the occasion inquired about was that he said, "Old Cook's folks, except Bud Cason's wife, are nothing but a set of whores." The language used in the information did not contain the statement about Bud Cason's wife. Held, that an essential part of the declaration in the proof being eliminated from the information, there was a fatal variance.

**3.—Same—Other Accusations—Remoteness—Animus.**

Upon trial for slander, a new accusation occurring long after the allegation in the information, and not connected therewith and showing no intent as to the accusation alleged in the information, was too remote and inadmissible.

Appeal from the County Court of Hunt. Tried below before the Hon. F. M. Newton.

Appeal from a conviction of slander of a female; penalty, a fine of $100.

The opinion states the case.

*S. H. Hefner* and *J. S. Sherrill,* for appellant.—On question of other accusation: Stayton v. State, 46 Texas Crim. Rep., 205; Denton v. State, 60 S. W. Rep., 670; Bryan v. State, 15 Texas Ct. Rep., 33.

*F. J. McCord,* Assistant Attorney-General, for the State.—On question of sufficiency of information: Wallace v. State, 49 S. W. Rep., 395. On question of other accusation: Collins v. State, 44 S. W. Rep., 846.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $100, and prosecutes this appeal.

Appellant made a motion to quash the information on the ground that it did not charge an offense. The offense charged is that appellant did impute to a female in this State, to wit: M. E. Cook and Topsey Cook, a want of chastity, to wit: The said J. W. Roberts in the presence and hearing of I. T. Titus and Rufe Green, falsely, maliciously and wantonly did say of and concerning the said M. E. Cook and Topsey Cook, in substance as follows, to wit: "Old Cook's folks (meaning thereby the said M. E. Cook and Topsey Cook, wife and daughter respectively of B. L. Cook) are nothing but a set of whores." The objection to this information is that defendant used the singular number in the first instance, and then set out a slander concerning two women. We do not think this is well taken. There is nothing duplicitous in the information. The allegation that he imputed to a female a want of chastity, to wit: M. E. Cook and Topsey Cook, was not an incongruous statement. In developing the case it merely shows the details, which we do not think clashes with the first allegation. It is competent to impute to two or more females a want of chastity. See Wallace v. State, 49 S. W. Rep., 395. The indictment did not require any further innuendo averment than was used to make it clear what was referred to, as being slanderous.

Appellant also claims that there is a variance between the allegation and the proof. The proof of the language used by appellant was testified to by the witness Titus, and he says that on the occasion inquired about appellant should have said, "Old Cook's folks, except Bud Cason's wife, are nothing but a set of whores." The contention is that this was different language than that used in the information, in that it excepted Bud Cason's wife from the accusation, while at the same time considering her as one of Old Cook's folks. We are aware it has been held that additional language can be proven to that used in the information, which does not vary the language used and set out in the information. See Whitehead v. State, 39 Texas Crim. Rep., 89. But the language in said case was in effect a separate part of the same conversation. Here a part of the conversation which was essential to an understanding of what was said was eliminated from the information; and it may further be remarked, in this connection, that inasmuch as it was shown that Cason's wife did not live at the time with B. L. Cook, and she was excepted from his folks, that he must have included three other daughters who also did not live with him, in his accusation. We believe that there is a variance between the proof here and the allegation in the indictment. Some

strictness is required in this regard and it should be adhered to.    See Barnett v. State, 35 Texas Crim. Rep., 280; West v. State, 71 S. W. Rep., 967, and Conlee v. State, 14 Texas Crim. App., 222.

Appellant also insists that the court erred in admitting the testimony of the State's witness Havens.    The bill of exceptions shows that he was permitted to testify to an accusation by appellant imputing a want of chastity toward Topsey Cook, some six months after the accusation alleged in this prosecution.    In Stayton v. State, 46 Texas Crim. Rep., 205; 9 Texas Ct. Rep., 654; Collins v. State, 44 S. W. Rep., 846, and Whitehead v. State, 39 Texas Crim. Rep., 89, it is held that other statements and conversations made by appellant toward the same female relative are admissible in evidence as tending to show intent or animus of appellant toward the female alleged to have been slandered, and the court seems to have admitted this testimony on the ground that defendant had testified in his own behalf and stated that he had never said anything against the character of M. E. Cook and Topsey Cook, and whatever the defendant did say in a conversation testified to by Green and Titus had no reference to M. E. Cook and Topsey Cook, but was concerning Lou Cook.    This evidence was admitted by the court as a circumstance to show the intent of the defendant as to who he had reference to in the conversation alleged in the information.    Since the decisions above referred to, this court appears to have limited and restricted the proof of other offense.    See Smith v. State, 7 Texas Crim. App., 382, and Denton v. State, 42 Texas Crim. Rep., 427, and Smith v. State, 44 Texas Crim. Rep., 137.    However, we do not believe that the cases referred to above, as heretofore stated, authorize the admission of this character of testimony.    It was too remote and referred to a new accusation occurring long after the allegation in the information, and could have no connection with it, and in our opinion would not serve to identify this transaction or to show the intent which may have actuated appellant at the time he was alleged to have made the accusation contained in the present information.    We accordingly hold that the court erred in admitting this evidence.    It is not necessary to discuss other matters.    For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*