### SAM ADAMS v. THE STATE.

#### No. 966. Decided May 24, 1911.

**Slandering Female—Variance—Evidence—Charge of Court—Motive.**

In prosecutions of slandering a female, the language alleged to have been used to a given person must be proved substantially as alleged to that person; and like language spoken to different persons at different times and places can be admitted only to show motive and intent; and a charge of the court disregarding this rule was reversible error, where the same had been excepted to and a proper charge was requested.

Appeal from the County Court of Delta. Tried below before the Hon. C. C. Dunnagan.

Appeal from a conviction of slandering a female; penalty, a fine of $100.

The opinion states the case.

*Newman Phillips,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—By complaint and information the appellant was charged with slandering a married woman. He was convicted, and his punishment assessed at a fine of $100.

The slanderous words alleged to have been spoken by the appellant are charged to have been so said in the presence and hearing of Bradley Mears, and divers other persons. The testimony of Mears, who was introduced as a witness, if believed, is sufficient to establish the charge. However, the appellant testified he did not say that or

any other language like it as sworn to by Mears. There was contradiction and impeachment of the various witnesses who testified.

Among others who testified were Charlie Dickson and T. L. Smithson. The testimony of each of these witnesses show that at a different time from that testified to by Mears, the appellant used to each of them substantially the same language he is charged with saying to Mears. One of them probably testified to identically the same language that Mears did. Neither of these three witnesses testify to being present when the appellant used the language to the other; in other words, the language used to each of them by the appellant, as testified to by them, was to them individually and heard by no other person.

The court gave a written charge in submitting the case to the jury, to the effect that if the defendant unlawfully, orally, falsely, maliciously and wantonly imputed to the married woman (of whom the language was claimed to have been spoken) a want of chastity, to wit: that if he did then in the presence and hearing of Bradley Mears, and other persons so use said language as is charged in the complaint and information, then they would find him guilty. The appellant excepted to this charge at the time, and preserved his objections by both bill of exceptions and in motion for a new trial, claiming that by it the appellant could be convicted if he used the said language to any other besides Mears at a different time and place.

He also requested the following written charges, which were refused:

"You can not convict the defendant upon the statements testified to by the witnesses Dickson and Smithson, even though you believe the defendant made the statements to them as testified to by them."

"In this case you can not consider the testimony of the witnesses Charlie Dickson and T. L. Smithson for any other purpose than upon the question of the defendant's intent in the statement made to the witness Mears, in case you believe beyond a reasonable doubt that he made the statement charged to have been made to said Mears."

He saved his point on these matters also by bills of exception properly allowed, and in his motion for a new trial.

It has been uniformly held in this State, and is the established law that in cases of this character the language alleged to have been used to a given person must be proved substantially as alleged to that person. Also that the same language or like language may be proved to have been spoken to another or others at a different time and place, for the purpose of showing the motive and intent of the appellant in using the language charged to the person in the information or indictment; but that such language spoken to other persons at a different time and place can not be used for any other purpose, or in other words, that the defendant can not be convicted upon speaking the same language to another person at a different time and place when not so charged in indictment or information. Knight v. State, 49 S. W. Rep., 383; Collins v. State, 39 Texas Crim. Rep., 30, 44 S. W.

Rep., 846; Neely v. State, 32 Texas Crim. Rep., 370; McMahan v. State, 13 Texas Crim. App., 220.

It is our opinion that the court erred in refusing to give the two charges above requested.

We have examined all the other questions raised by the appellant, and think the court did not commit any error complained of.

For the refusal of the court to give the two special charges requested, the judgment is reversed and the cause remanded.

*Reversed and remanded.*