## MRS. SALLIE JONES v. THE STATE.

### No. 6292. Decided June 1, 1921.

**1.—Slander—Information—Female—Motion in Arrest of Judgment.**

An accusation that any unmarried woman was sleeping with a man is a direct charge of unchastity, and when this is coupled with a further allegation that they would never marry as long as they could continue to sleep together without assuming the obligations of the marriage vows is only emphasizing the charge, and there was no error in overruling a motion in arrest of judgment.

**2.—Same—Evidence—Limiting Testimony—Requested Charge—Charge of Court.**

Where the court properly limited testimony as to the declarations of defendant with reference to the prosecutrix and the language used toward her, although not identical with that charged in the information, but showing the intent of the defendant, there was no reversible error. Following Whitehead v. State, 39 Texas Crim. Rep., 89, 45 S. W. Rep.. 10, and other cases; nor was there error in the refusal of the court to submit a requested charge which was covered by the main charge.

**3.—Same—Privileged Communication—Rule Stated.**

Where the language used by defendant upon which the prosecution was based was made to a personal friend, this would not make it a privileged communication, and the same was not elicited by inquiry in the scope of the rule. Following Davis v. State, 22 S. W. Rep., 979, and other cases.

**4.—Same—Sufficiency of the Evidence.**

Where, upon trial of slander of a female, the evidence is sufficient to support the conviction, there is no reversible error.

Appeal from the County Court of Grayson. Tried below before the Honorable Dayton B. Steed.

Appeal from a conviction of slander of a female; penalty, a fine of $150.

The opinion states the case.

*E. W. Neagle,* for appellant.—Cited Barnett v. State, 33 S. W. Rep., 340.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction was for slander. The punishment was assessed at a fine of $150.

The charging part of the complaint and information, omitting formal allegations, is: that appellant imputed a want of chastity to Mrs. Alice Russell, in that she said to A. L. Thompson that "Mr. Fred Finley and Mrs. Alice Russell are sleeping together, and they will not marry as long as they are sleeping together without marrying."

Appellant filed a motion in arrest of judgment on the ground that no offense was charged, in that the language used did not in itself impute a want of chastity to Mrs. Russell, and that *innuendo* averments were necessary to explain that the language was meant to convey the idea that Mrs. Russell was unchaste. The motion was overruled, and it is seriously urged that in this respect a grave error was committed.

We cannot agree with appellant's contention. This court has been rather strict in requiring certainty in the pleading and proof in cases of this character, and requiring *innuendo* averments where the language used was ambiguous, or conveyed a veiled meaning. We cannot persuade ourselves such a condition arises from the language used in this instance. There can be no doubt of the meaning of the words. An accusation that any unmarried woman was sleeping with a man, is a direct charge of unchastity; and when this is coupled with a further statement that they would never marry as long as they could continue to sleep together without assuming the obligations of the marriage vows. is only emphasizing the charge. The common sense, every day meaning of language is understood by this court the same as it would be by the ordinary citizen on the street to whom it might be addressed. Thompson knew what appellant meant by it, and immediately reported it to Finley.

Mrs. Maud Styles was permitted to testify over appellant's objection that on a different occasion appellant told her that "Finley and Mrs. Russell would not marry as long as they could live together, and sleep together and have intercourse without marrying; and that Mrs. Russell didn't have shame enough to pull her shades down." The court properly limited this testimony to the purpose of showing the intent of appellant in the statement made to Thompson. This character of testimony is admissible when properly limited. (See 607, page 390, Branch's Crim. Law.) Whitehead v. State, 39 Texas Crim. Rep., 89, 45 S. W. Rep., 10; Adams v. State, 62 Texas Crim. Rep., 426, 138 S. W. Rep., 117. The refusal of the court to give the special charges requested by appellant with reference to the testimony of Mrs. Styles presents no error. The court had already covered the point in his main charge.

The witness Thompson testified that he went to appellant's residence on the occasion the slanderous language is claimed to have been uttered, and during a conversation with appellant remarked that he had heard that Finley and Mrs. Russell were going to marry, whereupon, in reply, the language was used upon which the prosecution proceeded. It appearing that Thompson was a friend of appellant, she made a motion to exclude his testimony because the same was priviledged. There is no merit in this position. It does not come within the rule announced in the cases cited by appellant, where a relative of the injured female making inquiry of accused as to the reported utterance is told what had been said, and the State then undertook to base a prosecution on this later statement elicited by inquiry. Davis v. State, 22 S. W. Rep., 979; Hix v. State, 20 S. W. Rep., 550.

The evidence is sufficient to support the conviction. The issues of fact have been settled against appellant by a jury, and we are not authorized to disturb the finding.

No errors appearing in the record, the judgment is affirmed.

*Affirmed.*