## Will Clay v. The State.

No. 6705.  Decided February 22, 1922.

Rehearing Denied March 22, 1922.

</div>

**1.—Intoxicating Liquors—Manufacture—Sufficiency of the Evidence.**

Where, upon trial of the illegal manufacture of intoxicating liquor, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Substitution of Indictment—Practice in Trial Court.**

Where, upon trial of the illegal manufacture of intoxicating liquor, the district attorney filed a written motion alleging the loss of the original in-

dictment; that a substituted copy of said lost instrument was therewith presented, and asked for an order of the court directing the filing and substitution of said copy for the lost indictment, which motion was granted, and the indictment substituted, there was no reversible error. Following Bowers v. State, 45 Texas Crim. Rep., 185.

### 3.—Same—Notice—Intention to Substitute—Practice in Trial Court.

No injury was done to the defendant by reason of not having been sooner notified of the State's intention to substitute the lost indictment in the instant case, and there was no reversible error.

### 4.—Same—Requested Charge—Indictment—Weight of Evidence.

While the indictment contained two counts, one for manufacturing intoxicating liquor, and the other with possessing equipment for the manufacture of same, and the latter count was abandoned, and the jury instructed alone as to the offense charged in the first count, there was no error in refusing a requested charge, that unless there were found certain equipment necessary for the manufacture of liquor, etc., as the same was evidently upon the weight of the testimony.

### 5.—Same—Rehearing—Practice on Appeal—Indictment—Practice in Trial Court.

This court cannot consider objections raised for the first time in motion for rehearing relating to the manner and form of the substituted indictment; besides, the substitution of a lost indictment is not illegal because it was made prior to the defendant's pleading to the indictment. Following Withers v. State, 21 Texas Crim. App., 210.

Appeal from the District Court of San Augustine. Tried below before the Honorable V. H. Stark.

Appeal from a conviction of illegal manufacture of intoxicating liquors; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

*E. T. Anderson* and *Jno. F. McLaurin,* for Appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of San Augustine County of manufacturing intoxicating liquor, and his punishment fixed at one and one-half years in the penitentiary.

There are no matters of interest arising from the facts, which appear amply sufficient to support the judgment.

The indictment was substituted. In the record appears the written motion of the State's attorney asserting the loss of the original indictment, also that a substantial copy of said lost instrument was therewith presented, and it was prayed that an order be made directing the filing and substitution of said copy for the lost

indictment. The court made an order granting said motion. This was before appellant had pleaded to the indictment. Objection to this proceeding is presented by bill of exceptions No. 1, same being there stated as follows: "Now comes Will Clay, the defendant herein, and objects to being forced into trial of this cause, under a substituted indictment, for the reason that this indictment is not substituted from any evidence obtained from the records of the grand jury, or the minutes thereof, but on the contrary is substituted from an indictment in a different cause and against an entirely different person; and for the further reason that the defendant has never been notified, in any manner, of the substitution of this indictment until after the State has announced ready for trial, and before the defendant has pleaded to the indictment." It thus appears that the two grounds of objection were, that proper evidence was not resorted to, to ascertain what should be the contents of the substituted indictment; and that notice should have been given appellant of the intention to substitute, before the State announced ready for trial.

Article 482, Vernon's C. C. P., directs how such substitution may be made. Same specifically provides that it may be made "upon the written statement of the district or county attorney that it is substantially the same as that which has been lost," etc. Such was the statement of the district attorney in the instant case. No authority is cited by appellant, and we know of none, requiring more of the State as a predicate for such substitution than is stated in the statute. That the accused may contest the facts stated is unquestionable, Bowers v. State, 45 Texas Crim. Rep. 185, and he may show that the offered instrument is in fact not a substantial copy of that which is lost, mutilated, etc. No effort to do this was made in the instant case. An objection unsupported, will not suffice.

Nor are we led to see or believe that any injury was done to appellant by reason of not having been sooner notified of the State's intention to so substitute. We might imagine situations in which it could be shown that opportunity to contest the offered substitution was denied, but no such facts are shown in the instant case. The fact that the copy of the lost indictment which was substituted and used upon the trial herein was a true and correct copy of the original indictment, was not contested in any manner when the question of substitution was before the court and the matter of such correctness could have been properly made an issue. Appellant is in no position before this court to make a complaint which should have been made at the proper time and place, and supported in some way.

By his bill of exceptions No. 3 complaint is made that the trial court refused to give to the jury a special charge No. 1, which is as follows: "Gentlemen of the Jury, you are further instructed as part of the law applicable in this case, that even though you believe from the evidence that the equipment found by the sheriff, H. J. Wilkinson, could be used as a part of such equipment in manufacturing in-

toxicating liquor, you are further instructed that unless there were found coil, pipe and other equipment necessary in the manufacture of intoxicating liquors, you will find the defendant not guilty.''. We are unable to perceive any error on the part of the lower court in refusing to give this charge. While the indictment contained two counts, one of which charged appellant with manufacturing intoxicating liquor, and the other with possessing equipment for the manufacture of same, the latter count was abandoned upon the trial and the jury were instructed to consider the question of appellant's guilt alone of the offense charged in the first count. It appears from the record that on the premises where appellant was staying was found a quantity of intoxicating liquor, and also the equipment with which same could be made, save for the fact that a pipe which seemed to·be a necessary part of said apparatus, was missing. It was in testimony by the man with whom appellant was staying, that the latter manufactured said liquor so found, with said apparatus. Substantially the same facts were testified to by the wife of the man with whom appellant was staying. Manifestly in the face of such testimony the special charge referred to above would have been upon the weight of the testimony, and clearly erroneous.

This disposes of the contentions made by appellant on this appeal, and being unable to agree that same present any error, an affirmance is ordered.

*Affirmed.*

### ON REHEARING.

### March 22, 1922.

LATTIMORE, JUDGE.—We quoted and discussed in our original opinion appellant's only objection to the substitution of the lost indictment herein, as made by him on the trial of this case. We cannot consider objections now raised for the first time relating to the manner and form of such substitution. Objections to such matters of procedure as can be cured by the trial court, when made at a proper time and when the curing of such alleged defects are within the power and jurisdiction of such trial court, if not made then will not be ·considered by us. In his brief and presentation of this case to us originally appellant urged that the substitution of the lost indictment' was illegal because made prior to his pleading to the indictment. We did not discuss this matter because it was not raised in the court below, but this question is settled adversely to appellant in Withers v. State, 21 Texas Crim. App. 210, the soundness of which opinion seems not to have been questioned since its rendition.

The motion for rehearing will be overruled.

*Overruled.*