HeNDEusoN, Chief-Justice.
 

 We can scarcely conceive a case, which does not require some introductory matter, if for no other purpose than to show that the plaintiff is the person meant. As if the words are “you are a thief;” it must be stated, that the words were addressed to the plaintiff, to make an application of the word
 
 you.
 
 So if they be, “he is a thief;” that the plaintiff was the subject of the conversation ; or “ «2.
 
 B.
 
 is a thief,” that the plaintiff is the
 
 Ji. B.
 
 meant. Some words require more introductory matter than others. Where the words are perfectly harmless, as if in this case, the only words had been, “ our former senator is as deep in the mud as
 
 Welch
 
 is in the mire,” it must be stated, that tiie defendant imputed to
 
 Welch
 
 the crime of knowingly passing counterfeit money; also that the plaintiff had been a senator, with an averment,, that he was the person meant, and an
 
 innuendo,
 
 that he meant to impute to the plaintiff the same crime; But the office of this introductory matter is only to fill up and supply what the words themselves
 
 want
 
 of being a
 
 *170
 
 slanderous charge on the plaintiff. In the present case, the words are,
 
 “
 
 our former senator used vigilance- and diligence in prosecuting
 
 Welch
 
 for
 
 passing
 
 counterfeit money, in order to prevent suspicion from falling upon
 
 himself;
 
 he procured
 
 Bondman
 
 to prosecute him, to extricate himselfand that he was “ as deep in the mudas
 
 Welch
 
 was in the mirewith an averment, that the plaintiff had been a senator, and was the person described and intended by that
 
 appellation;
 
 and that the defendant intended to impute to the plaintiff the crime of passing counterfeit money. The jury have affirmed all these averments to be truc; and it is the province of the court to see, whether the jury have
 
 drawn
 
 a probable and rational conclusion. For the introductory matter and the
 
 colloquium
 
 are put upon the record for that purpose only, that the jury should not put an arbitrary and capricious construction on the words. And this introductory matter supplies, as was said before, what the words themselves want of imputing a slanderous meaning, with an innuendo, that they did mean a slanderous charge, stating it. If the case is tested by these rules, which are founded both in law and common sense, we think, that with the averment before mentioned, the jury were well warranted from the words themselves, in concurring with the plaintiff, that the defendant intended to impute to him the crime of passing counterfeit money. In fact, there needed no introductory matter hut to show, that the plaintiff was meant by the description
 
 “
 
 our former senatoc,” with an averment that he was the person meant. All the words taken together well warranted the
 
 innuendo.
 
 Candor requires us to say, that the declaration, when it was before us heretofore, was not supported on these grounds, but on other and perhaps mistaken ones. We are therefore of opinion, that the judgment should not be arrested.
 

 In actions of slander, the
 
 quantum
 
 of malice is material in estimating the damages; and to establish that, e
 
 *171
 
 vidence is admissible of words spoken by the defendant, not declared on; but the jury should be instructed as to the purpose for which the evidence is introduced.
 

 
 *170
 
 As to the motion for a new trial, we see no grounds to grant one. The defendant’s argument, that the speaking of other malicious words is admissible only in cases, where the fact of malice is doubtful, and should not be admitted where the words themselves import malice,
 
 *171
 
 or where malice is admitted, is predicated on the supposition that there are no degrees of malice; or if there are, that its quantum is immaterial; that in this action any malice, the least, fills the measure. We think the argument unsound, and that there are degrees of malice, and that in all vindictive actions, the degree of criminality of the defendant, as well as the injury sustained by the plaintiff, enter into and form a part of the damages. Our nature and feelings require it j and it will be the rule with jurors, oven if in theory the law forbids it. But we do not believe it does. As to the court below informing the jury, for what purpose such evidence is given, and that the damages should be given only for the words sued for, aggravated to be sure by such other evidence of malignity as is before spoken of, wo presume that the court did its duty ; as upon the record it does not appear, that it did not.
 

 Per Curiam. — Judgment affirmed.