# Beal v. The State.

*Indictment for Defamation.*

1. *Bill of exceptions not signed within agreed time.*—When a bill of exceptions is not signed in term time, nor within the time specified by written agreement (Code, § 2761; p. 610. note), it will be struck from the record on motion; but, if it was presented to the presiding judge within the extended period, and he failed or refused to sign it, it may be established in this court as by law provided.

2. *Defamation; constituents of offense.*—To authorize a conviction for defamation (Code, § 3773), the accusation must have been falsely and maliciously made; but the jury may infer malice from the character of the accusation and the want of probable or reasonable grounds for making it.

FROM the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

INZER & CALDWELL, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of the offense of defamation. There is a motion to strike from the record the bill of exceptions, because not signed within time. Sixty days were agreed upon in writing as the time within which the bill of exceptions might be signed. This agreement bears date May 10th, 1892. The bill of exceptions has two indorsements, signed by the judge who presided at the trial. The first is "Received by me, through mail, at Ashville, July 9th, 1892." The second is, "Bill returned to defendant's counsel at his request, and afterwards, to-wit, August 18, '92, again sent to me through the mail." The bill of exceptions bears date Nov. 3d, 1892. It is evident the bill bears date long after the time had expired, within which it should have been signed.

The statute fixes the time within which a bill of exceptions must be signed, and regulates the manner in which the time may be extended. Unless the statute is complied with, and the bill of exceptions is signed as therein provided, we can not consider it on appeal in this court. See Act of Feb. 22, 1887, p. 126, bottom of page 610 of the Code. *Rosson v. State,* 92 Ala. 76; *Powell v. Sturdevant,* 85 Ala. 243.

[Beal v. The State.]

It is manifest that the judge had no authority in the present case to sign the bill of exceptions, at the time it was signed. There had been no order or agreement made by which the time had been extended beyond the sixty days agreed upon.

Having failed to sign the bill within the sixty days, if the appellant was free from fault, he should have proceeded to establish the bill of exceptions in this court, as provided in the statute. The motion to strike the bill of exceptions must prevail, and this order leaves the appellant without an exception, and we are powerless to revise the ruling of the court, in its refusal to charge the jury as requested by the defendant. Under the circumstances, probably it is best to construe the statute, under which the defendant was prosecuted.

Section 3773 of the Code, under which the indictment was presented, declares, that "Any person who speaks, writes or prints, of and concerning another, any accusation falsely and maliciously importing the comission by such person of a felony, or any other indictable offense, involving moral turpitude, must on conviction," &c. To constitute the offense, the accusation, whether spoken, written or printed, must have been "false and malicious;" and to authorize a conviction under this statute, it is necessary to satisfy the jury, beyond a reasonable doubt, that the accusation was false and malicious. The State is not required to show under this statute, by direct proof, that the defendant entertained ill-will or hatred towards the person against whom the accusation was made, or a purpose to injure him. The jury may infer malice from the character of the accusation and the absence of probable or reasonable grounds for making it—*Haley v. The State*, 63 Ala. 83. The prosecutor could ask for an explanatory charge, or the court of its own motion might very properly explain the definition of malice, as intended by the statute, without committing any error; but there can be no violation of the statute, unless the accusation was falsely and maliciously made.

Affirmed.