# Riley *v.* The State.

*Indictment for Defamation under Code, § 5065.*

(Decided February 6th, 1902.)

1. *Defamation; evidence of repetition of slanderous words subsequent to indictment.*—Malice being an ingredient of defamation, evidence of repetitions by defendant of the alleged slanderous words subsequent to the indictment is admissible to show in what spirit they were spoken at the time charged in the indictment.

2. *Defamation; Code § 5065; utterance intentionally wrong or reckless; probable grounds as defense.*—The offense of defamation being complete if the words spoken by defendant were both false and malicious, the existence of probable grounds, other than the truth of those words, does not excuse the utterance; nor is it essential to conviction that the utterance should have been intentionally wrong or reckless.

APPEAL from Dale Circuit Court.

Tried before Hon. A. A. EVANS.

The appellant was tried and convicted under an indictment which charged that he "did falsely and maliciously speak of and concerning Mattie Newsome, in the presence of Archie Evans and Ed Cutchen, charging her with a want of chastity, in substance as follows: That Archie Newsome was keeping his sister, Mattie Newsome, against the peace and dignity of the State of Alabama."

On the trial of the case the State introduced Archie Evans as a witness, who testified that before the finding of this indictment he and Ed Cutchen and defendant were walking along together when the following conversation, as detailed in the bill of exceptions, occurred: "Defendant remarked to him (Archie Evans)

that if he (defendant) were in his place he would not go to Porter Newsome's any more; that Archie Newsome was keeping his sister, Mattie, and that he (Evans) asked him how he knew, and he said Bob Hunt told him so."

Upon the introduction of Hayden Vann as a witness, he was asked the following question: "If going home from Ozark at the last term of the circuit court with George Bell, Ivey Cutchen and the defendant, he heard the defendant say anything?" The defendant objected to the question, the court overruled the objection, and the defendant duly excepted. The witness answered: "That in talking about this case which was then pending in court, defendant said it was a fact that Archie Newsome did have criminal connection with his sister, and he would prove it on him at the next term of the court, and that no threats were made against defendant, nor any inducement or reward offered him to make such statement, and that said statement was made voluntarily and that defendant was drunk at the time." The defendant objected to this answer, and moved to exclude it from the jury upon the ground that it was immaterial and irrelevant testimony. The court overruled the objection, and motion, and to this ruling the defendant duly excepted. The same questions were asked Isaac Cutchen and George Bell, each of whom testified to the same facts. The defendant separately objected to each of the questions and answers, and moved the court to exclude the answers from the jury upon the grounds that they were irrelevant, immaterial and incompetent evidence. The court overruled each of said objections and motions, and the defendant duly excepted. The defendant, as a witness in his own behalf, testified as follows: "That at the time spoken of he told Archie Evans that if he were in his place he would not go to Porter Newsome's any more, that he had heard that Archie Newsome was keeping his sister, Mattie, and that Bud Spivey told him that Bob Hunt told him so."

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from all the evidence that

defendant had probable and reasonable grounds for making the statement, imputing to Mattie Newsome a want of chastity, if they believe any such statement was made, they must find him not guilty." (2.) "Before the jury can find the defendant guilty as charged, they must be satisfied beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis, from the evidence, that a statement was made by defendant imputing to Mattie Newsome a want of chastity, and that defendant had no probable or reasonable ground for making such statement." (3.) "Unless the jury believe, beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis from the evidence, that defendant spoke falsely of and concerning Mattie Newsome, imputing to her a want of chastity, and that said words were groundless, intentionally wrong or reckless, they must find him not guilty." (4.) "Before the jury can find the defendant guilty they must believe from the evidence, beyond a reasonable doubt, that he spoke of and concerning Mattie Newsome falsely, which words must be groundless, intentionally wrong or reckless, imputing to her a want of chastity." (5.) "The court charges the jury that the expressions of defendant, if they believe from all the evidence such expressions were made by defendant, made by him to Hayden Vann, Ivey Cutchen and George Bell, after the indictment in this case was found and presented by the grand jury of Dale county, that Archie Newsome has had intercourse with his sister and that he would prove it on him at the next term of the court, can not be considered by the jury in determining the guilt or innocence of defendant." (6.) "The court charges the jury that the expressions made by the defendant, if they believe from all the evidence such expressions were made, that Archie Newsome had had connection with his sister, Mattie Newsome, and he would prove it at the next term of court, are not in the nature of an admission of what he said to Archie Evans and Eduard Cutchen as alleged in the indictment, and can not be considered by the jury in determining the guilt or innocence o fdefendant, having been made after the indictment in this cause was found, and having no

reference.to the expression made by defendant to Archie Evans and Eduard Cutchen, as charged in the indictment."

No brief for appellant.

CHARLES G. BROWN, Attorney-General, for the State, cited *Eldridge v. State,* 27 Fla. 162; 13 Am. & Eng. Ency. Law, p. 490, § 8, and notes 4 and 5; *Haley v. State,* 63 Ala. 87.; Clark's Manual of Crim. Law, 273-276; 2 McClain's Crim. Law, §§ 1040, 1051, 1053, 1057.

SHARPE, J.—Malice being an ingredient of the offense charged, evidence of repetitions of the alleged slanderous words subsequent to the indictment was admissible to show in what spirit they were spoken at the time alleged in the indictment.—*Ware v. Cartledge,* 24 Ala. 622; *Scott v. McKinnish,* 15 Ala. 662; *Parmer v. Anderson,* 33 Ala. 78; *Eldridge v. State,* 27 Fla. 162; 3 Green. Ev., § 168; 13 Am. & Eng. Ency. Law (1st ed.), 490.

The offense was complete if at the time laid in the indictment defendant spoke the words as charged, and they were both false and malicious.—Code, § 5065. If such was the case the existence of probable grounds, other than the truth of those words, though admissible to be shown as tending to disprove malice (*Beal v. State,* 99 Ala. 234), did not excuse the uterance; nor was it essential to conviction that the utterance should have been intentionally wrong or reckless. Such being the law, there was no error either in the admission of evidence to which exceptions were reserved or in refusing charges requested by defendant.

Affirmed.