JOE STAYTON v. THE STATE.

No. 2763. Decided February 17, 1904.

**1.—Slander—Contemporaneous Statements.**

A statement made by one charged with criminal slander, if made at the time of the alleged slander, or shortly before or after, although not the same, but similar to the one set out in the indictment, is admissible to show with what intent the alleged slanderous words may have been uttered, but the court should confine the same to such purpose.

**2.—Same—Privileged Communications.**

The rule is well settled that a communication which would otherwise be slanderous and actionable is privileged if made in good faith upon a matter involving an interest, or duty of the party making it, though such duty be not strictly legal, but an imperfect obligation to a person having a corresponding interest or duty.

**3.—Same.**

Where S. approached his neighbor M. and asked him to take charge of his children, that he was going away, and being questioned by M. why, told him of the infidelity of his wife, there was no interest or duty on the part of S. to make such statement to M., and it was not privileged.

**4.—Same—Husband and Wife.**

The statute on the subject of slander is all-embracing and includes slanders perpetrated by the husband against the wife.

**5.—Same—Malice—Charge of the Court.**

Malice is a necessary ingredient of the offense of slander as defined under article 750, Penal Code, and the court should have charged that unless the jury found from the evidence that the imputation was maliciously and wantonly made, notwithstanding it was false, they should acquit the defendant.

Appeal from the County Court of Young. Tried below before Hon. Jo. W. Akin.

Appeal from a conviction of slander; penalty, a fine of $150.

The following statement of the case is taken from the appellant's brief and is substantially correct: The appellant was indicted on February 13, 1903, by the grand jury of Young County, for slander, by imputing the want of chastity to Mrs. Mollie Stayton, his wife, the charging part of the indictment being as follows: "He, the said Joe Stayton, did then and there, in the presence and hearing of G. P. Moore and divers other persons, falsely, maliciously and wantonly say of and concerning said Mollie Stayton and one Graves Farmer, 'I caught them at it,' meaning thereby that he, the said Joe Stayton, had seen the said Mrs. Mollie Stayton and the said Graves Farmer in the act of carnal intercourse and adultery."

G. P. Moore, for the State, testified that on December 14, 1902, the defendant, Joe Stayton came to my house; we had some general talk in the house, and he and myself went out to the gate. He said that he wanted to arrange with me to keep his children; that he was going to leave the country and his wife. After some further conversation, I agreed to keep his children for him. On the next day he came back again. I then asked him what was the matter between him and his wife; he replied that his wife was not true to him. I asked him if he knew it himself or was it hearsay. He said, "I caught her and Graves Farmer at it about 100 yards northwest from my tent the latter part of August." Stayton and his wife had been living together up to this time and continued to do so until he left the country in February, 1903. This occurred in Young County, Texas, in December, 1902. Her general reputation for chastity was good. On the first visit, when we were in the house with my family, Stayton said nothing about the matter before them, but told me these facts after we went out into the yard. He asked me to say nothing about it, and seemed very much grieved over it. I lived about two miles from the defendant and was a friend to the family. I had noticed a coolness between Stayton and his wife since the latter part of August. He was sick and she nursed him through it.

*R. F. Arnold,* for appellant.—Statements constituting slander, which are made at other times and places and to other parties not named in the indictment, can only be introduced in evidence by the State for the purpose of showing intent, and when so introduced must be limited by the court to this purpose by charge. Whitehead v. State, 39 Texas Crim. Rep., 89.

The imputation must be falsely and maliciously or falsely and wantonly made. It is not sufficient that it alone be false, but in addition must be malicious or wanton, and the burden be upon the State to show

such facts. The statements made by defendant as set out in the bill of indictment were made in good faith, in confidence and secrecy, upon a matter involving an interest or duty to the defendant, in which he sought to interest the witness Moore, viz., the keeping of his children; and, being so made, were privileged communications, and neither could nor did constitute slander. McMahan v. State, 13 Texas Crim. App., 220; VanDusen v. State, 34 Texas Crim. Rep., 456; Hix v. State, 20 S. W. Rep., 550; Davis v. State, 22 S. W. Rep., 979.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of slander, and his punishment assessed at a fine of $150; hence this appeal.

Appellant insists that the court erred in permitting the State to prove the conversation had by defendant with witness Lamons, to the effect that in January or early in February 1903, defendant came to him in his house and said to witness that he could not keep his cattle any longer; that witness must take them back; that defendant was compelled to leave the country and separate from his wife; that he had scriptural grounds for the separation. This was objected to by appellant because the statement of the witness was not the same as set out in the indictment, and was therefore inadmissible. If this statement was shown to have been made by appellant contemporaneous with the allegation contained in the indictment, or shortly before or after the same was uttered, then there could be no question as to the admissibility of the testimony. This character of testimony would be admissible for the purpose of showing with what intent the slanderous words set out in the indictment may have been uttered. Collins v. State, 44 S. W. Rep., 846; White v. State, 39 Texas Crim. Rep., 89. However, the bill shows that this statement was made to Lamons a considerable time after the alleged offense, and just shortly before the indictment was returned; so there may be some doubt as to its admissibility under these conditions. But if its admissibility be conceded, the court should have instructed the jury as to the purpose of its introduction, which was not done, and exception was reserved in the motion for new trial on account of the failure of the court to do this. See Collins v. State, supra.

Appellant contends that the statement he made to Moore, and on which the charge of slander was predicated, was of the character of a privileged communication, and that the same was not slander. In this connection he refers us to Hix v. State, 20 S. W. Rep., 550; Davis v. State, 22 S. W. Rep., 979. These authorities are in point as showing that where it was reported to the father that the party had slandered his daughter, and such party when approached by the father made the statement to him of what he had heard, this was in the nature of a

duty and was privileged, and consequently could not be ground of prosecution for slander. In Hix's case, supra, Ormsby v. Douglass, 37 N. Y., 477, is cited. This excerpt is quoted approvingly by the court: "The rule is well settled that a communication which would otherwise be slanderous and actionable is privileged if made in good faith upon a matter involving an interest or duty of the party making it, though such duty be not strictly legal but an imperfect obligation to a person having a corresponding interest or duty." The question here is as to the applicability of said legal principle. Here the facts show that appellant had resolved to leave his wife and approached Moore for the purpose of getting him to take charge of his children. He did not tell Moore of the alleged infidelity of his wife on the first occasion, but on the second day, when he again called on Moore in regard to his children, Moore inquired the reason for wanting to leave his children with him, and why he was leaving the country. And he then told him of the infidelity of his wife; that he had caught her and one Farmer in the act of illicit intercourse as alleged in the indictment. And in that connection witness stated he appeared grieved, and asked him not to say anything about it. Unquestionably appellant owed no legal duty to Moore that would authorize this statement to him. Nor do we believe this case comes within the rule laid down in the two cases above cited.

There the statement was made to the father of the alleged slandered party, in regard to rumors that had reached him in connection with the defendant, and defendant was called on to explain the matter; and in order to justify himself defendant told the father of the slandered party what he had heard. Here Moore had no right to make any such demand of appellant; nor was it necessary that appellant should explain to Moore the reason for leaving his children with him. We accordingly hold that the communication was not privileged under the authorities above cited. As to whether or not the State can maintain a prosecution for slander against the husband for imputing a want of chastity to his wife, so far as we are advised there is no direct decision on the question in this State. Baxter v. State, 34 Texas Crim. Rep., 516, was a case of this character; but the question was not made, and the judgment was reversed on other grounds. At common law one of the spouses could not maintain a civil suit against the other for slander. 18 Am. and Eng. Enc. of Law, p. 1053, subdiv. D, and authorities there cited. However, our statute on the subject is all-embracing, and does not exclude slanders perpetrated by the husband against the wife; and we accordingly hold, that such prosecution can be maintained.

In this case, it will be observed that malice, which is a necessary ingredient of the offense (see art. 750, Penal Code; 18 Am. and Eng. Enc. of Law, p. 998) was proven by very slight testimony. The court gave a charge in accordance with the statute authorizing the jury to convict defendant if they believed the elements of the definitions of

malice were proven. He also defined the meaning of the words malice and wanton, as used in the charge. However, he did not give a charge the converse of the proposition. We believe, under the circumstances of this case, he should have given appellant's requested special instruction, to the effect that, unless the jury find from the evidence that the imputation was maliciously and wantonly made, notwithstanding it was shown to be false, they should acquit defendant.

For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*