# Grant v. The State.

## *Prosecution for Defamation.*

1. *Defamation; evidence of prior statement of slanderous words.*—Malice being an ingredient of the offense of defamation, on a trial under a prosecution for such offense, evidence that the defendant had prior to the time prosecuted for, uttered the alleged slanderous words, is admissible to show in what spirit they were spoken at the time charged in the indictment or complaint.

2. *Defamation; slanderous statements in church trial not privileged class.*—Slanderous statements made by one being examined as a witness in a church trial, which is conducted according to ecclesiastical discipline, are not privileged statements, and can be proved in a prosecution for defamation of character.

[Grant v. The State.]

APPEAL from the County Court of Cullman.

Tried before the Hon. S. L. FULLER.

The appellant in this case, John W. Grant, was prosecuted and convicted for defamation of character, and was fined $50. The prosecution was commenced by Mrs. Z. A. Murphree, making an affidavit before the Judge of the County Court of Cullman County, in which it was alleged that the defendant spoke falsely and maliciously concerning affiant "in the presence of J. W. Riggs and Peter White, charging her with a want of chastity in substance as follows, to-wit: that he, the said John W. Grant saw Mrs. Z. A. Murphree and John Chandler in the act of adultery," etc.

This affidavit was made on July 31st, 1892, and the warrant of arrest was issued upon the same day. On the trial of the case, the State introduced as witnesses, J. W. Riggs and Peter White, who testified that in May, 1902, there was a church trial in the Rock Branch Free Will Baptist church in Cullman County, which was being conducted upon a charge against Mrs. Z. A. Murphree for immoral conduct; that said trial was being conducted under the rules and regulations of said church; that the defendant, who was not a member of that church, but who was a member of another church and who was also a minister, came to said trial which was being conducted at said church, and while there, he was called by the members of the church as a witness, and on said trial testified in substance, that he had prior thereto seen Mrs. Murphree and one John Chandler in the act of adultery; that this was in the presence of both of said witnesses and other members of said church. The State also introduced one J. M. Murphree, who testified that one day before the church trial, he met the defendant and asked him if he had caught Mrs. Z. A. Murphree in the act of adultery, and that the defendant replied that "if he, the defendant, were to say it was not true, he would lie." The defendant then objected to the evidence of this witness upon the ground that as stated in the bill of exceptions, it was "illegal, irrelevant and immaterial." The court overruled the objection and defendant duly excepted.

7

[Grant v. The State.]

The State introduced one John Downing as a witness who testified that 'shortly before the church trial, the defendant came to his house and made the same statement in reference to Mrs. Z. A. Murphree and John Chandler. The bill of exceptions recites that the defendant then objected to this evidence as being "illegal, irrelevant and immaterial." The court overruled the objection, and the defendant duly excepted.

Mrs. Z. A. Murphree upon being introduced as a witness, testified that the charge against her of immoral conduct with John Chandler, was wholly untrue and false, and that no such conduct was ever had. The defendant did not introduce any evidence, and upon the evidence as above stated requested the court to give to the jury the following charge, and duly excepted to the court's refusal to give the same: "The court charges the jury that if they believe the evidence, they must find in favor of the defendant, and return a verdict of not guilty."

GEORGE H. PARKER, for appellant.—The testimony of the witness Murphree was inadmissible for the court had elected the prosecution for statements made at a time different from the time specified by said Murphree. *Smith v. State,* 52 Ala. 384; *McPherson v. State,* 54 Ala. 221; *McCullough v. State,* 63 Ala. 75. The statements made at the church trial were privileged, and so rendered the defendant subject to prosecution for defamation. 18 Amr. & Eng. Encyc. of Law, 2d ed. p. 1036.

MASSEY WILSON, Attorney-General, for the State. The testimony of the witness Murphree was objected to by defendant as being illegal, irrelevant and immaterial. Such testimony was clearly admissible. It was a mere repetition of the slanderous words charged in the affidavit, and it has been many times held in this State that such testimony is admissible as tending to show express malice. The doctrine of election has no application here.—*Riley v. State,* 132 Ala., 13; *Palmer v. Anderson,* 33 Ala. 78; *Ware v. Cartedge,* 24 Ala., 622; 18 *A. & E. Ency. of Law,* (2d Ed.), 1105-1106. It has always been

recognized that if the testimony as given before the church tribunal was false and malicious, an action would lie. See especially the following cases: *Landis v. Campbell*, 79 Mo., 433; 49 American Rep., 239; *Dial v. Holter*, 6 Ohio St., 228-244; *Jarvis v. Hathaway*, 3 Johnson, 180; 3 Am. Dec. 473; *Bradley v. Heath*, 29 Mass. 163 (12 Pick.); *Farnsworth v. Storrs*, (5 Cush.) 59 Mass. 412; *Vanwick v. Aspinwall*, 17 N. Y., 190.

SHARPE, J.—The testimony as to utterances made by defendant prior to the one prosecuted for, imputing to the prosecutrix adulterous conduct, was relevant as tending to prove the like utterances with which he was charged in the complaint were, if made in fact, malicious. See *Riley v. State*, 132 Ala. 13; 3 Greenleaf on Evidence, § 168; Wharton's Criminal Law, § 1651; Russell on Crimes (6th ed.) 643. In the motion to exclude this testimony there was no ground appropriate to raise the question referred to in defendant's brief of whether the admissibility of the testimony was effected by the doctrine under which the state may be held to an election of offenses.

The charge requested by defendant was properly refused. If the utterance ascribed to him by the complaint was made falsely and maliciously as averred in the complaint—a matter which under the evidence was for the jury to determine—it was not privileged or rendered inoffensive to the statute (Code, § 5065) by reason of its having been made in a trial of the prosecutrix had under rules and regulations of a church. Communications made in the course of ecclesiastical discipline are not of the absolutely privileged classes and are not privileged when not made *bona fide* and without malice.—Wharton's Criminal Law, § 1641.

Judgment affirmed.