# Cornelius *v.* The State.

## *Criminal Libel.*

[DECIDED APRIL 5, 1906, * 40 So. REP. 670.]

1. *Criminal Law; Malisciously Imputing want of Chastity to Female; Indictment.*—An indictment which charges that the defendant maliciously said of a certain female, in the presence of others, "She had a young one before she was married," sufficiently alleges an imputation of a want of chastity to the female.

2. *Same; Evidence; Admissibilitly.*—It is competent for the defndant to show that he was merely repeating what others had said concerning such female, and that he so stated at the time of the use of the alleged slanderous words, to be considered by the jury in fixing the grade of punishment.

3. *Same; Same; Elements of Offense.*—The accusation must be false and malicious to constitute the offense of maliciously imputing a want of chastity to a female.

4. *Same; Malice; Proof.*—Tt is not necessary to prove express malice for maliciously imputing a want of chastitly to a female. Malice may be inferred from the character of the accusation, and the absence of probable grounds for making it.

*Rehearing denied April 30th, 1906.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

The defendant was indicted as follows: "The grand jury of said county charge that before the finding of this indictment Walter Cornelius did falsely and maliciously speak of and concerning Obedience Cornelius, in the presence of Martin Luther Casey, charging her with a want of chastity, in substance as follows, to wit: 'Obedience Cornelius had a young one before she was married, and I can prove it'—against the peace and dignity of the State of Alabama." The following demurrer was interposed to the indictment and overruled: "(1) That it charges no offense. (2) Because it is not shown that the language attributed to the defendant imputed to Obedience Cornelius a want of chastity. (3) Because the

language imputed to the defendant is not shown to be a charge of a want of chastity against Obedience Cornelius. (4) Because it is not averred that in using the language averred defendant intended thereby to charge Obedience Cornelius with a want of chastity. (5) Because the words used and attributed to defendant, not necessarily importing a want of chastity, should have been followed by the averment that defendant thereby intended to say that she had committed illicit sexual intercourse." The defendant offered to testify, and offered to show by others, that he had been told that Obedience Cornelius had had a child before her marriage. The court refused to permit the introduction of this evidence, and this action of the court constitutes several assignments of error.

The court refused to give the following written charges for the defendant, and this ruling is assigned as error: "(1) A statement cannot be said to have been recklessly made, if at the time it was made there was a reasonable belief in the mind of the person making it that the statement was true, growing reasonably out of a report to that effect then current in the community. (2) The court charges the jury that if there be a reasonable doubt whether the defendant said he could prove that Obedience Cornelius had had a young one before she was married, or whether what he said was that he had so heard, and that he could prove his authors for the report, then you should find the defendant not guilty. (3) The court charges the jury that if what the defendant said was that Obedience Cornelius had had a young one before she was married, and that he could prove his authors, and if at the same time he gave the name of the authors of his report, then you should find the defendant not guilty. (4) The court charges the jury that before there can be a conviction the State must prove beyond all reasonable doubt that the defendant was actuated by malice in saying of Obedience Cornelius whatever he said about her. (5) The court charges the jury that if the defendant stated to Casey that he had heard that Obedience Cornelius had had a young one before she was married, and if at the same time he gave the name of the

person or persons whom he said had told him, and if he had been so informed by such person or persons, then you must find the defendant not guilty. (6) If the defendant was not actuated by malice in what he said, but if he merely repeated a rumor that was current in the neighborhood, and at the same time gave the name or names of his informant or informants, then there can be no conviction in this case. (7) If what the defendant said to Casey was that he had heard that Obedience Cornelius had had a young one before she married, and that he could prove the authors of the report, or if there is a reasonable doubt whether this was what he said, then you must find the defendant not guilty." There was a verdict of guilty."

STREET & ISBELL, for Appellant.—The demurrers to the indictment should have been sustained. The language itself must impute a want of chastity, or facts necessary to give it such import should be alleged.— *Smith v. Goffard*, 31 Ala. 45; *Kirksey v. Fiske*, 29 Ala. 206; *Robinson v. Dearmond*, 24 Ala. 174.

It is clear that the words charged do not themselves impute a want of chastity to the female.—91 Am. Dec. 377 and note; *Snell v. Snow*, 46 Am. Dec. 730; *Van Veichten v. Hopkins*, 4 Am. Dec. 339; *Miles v. Van Horn*, 79 Am. Dec. 477; *Lusk v. Kelly*, 87 Am. Dec. 362; 13 Ency. Pl. & Pr. pp. 32-57.

The fact that defendant said he had heard these things and was merely repeating what he had heard was competent evidence for him.—*Booker v. State*, 100 Ala. 30; *Talton v. Jackett*, 26 Am. Dec. 399; *Miller v. Kerr*, 51 Am. Dec. 244. If not good in justification, the testimony was certainly good in mitigation.—*Cook v. Barkley*, 2 Am. Dec. 244; *Anthony v. Stephens*, 13 Am. Dec. 497 and note; *Galloway v. Middleton*, 12 Am. Dec. 409; *Weatherbee v. Marsh*, 51 Am. Dec. 244.

Written charge No. 1 should have been given.—*Haley v. State*, 63 Ala., 83; *Beal v. State*, 99 Ala. 234.

The other charges requested asserted correct propositions of law and should have been given.

[Cornelius v. The State.]

MASSEY WILSON, Attorney-General for State.—The defendant was rightfully prevented from showing that persons had repeated to him the alleged defamatory matter. Nor was it permissible to show by such persons that they had repeated such statements to the defendant. Current report is not permissible. It is no defense to slander or libel that a rumor existed as to the matters published.—18 A. & E. Ency. of Law, (2nd Ed.) p. 1073. The text cites *Common v. Walton*, 1 Port. 323; *Fuller v. Dean*, 31 Ala. 654.

For this reason charges 1, 2, 3, 5, 6 and 7 were properly refused.

Charge 4 is also bad. The jury may infer malice from the character of the accusation and the absence of probable cause or reasonable grounds for making it.—*Beal v. State*, 99 Ala. 234; *Haley v. State*, 63 Ala. 83.

The demurrer to the indictment was properly overruled.—*Haley v. State*, 63 Ala. 83; *Riley v. State*, 132 Ala. 13; *Hereford v. Combs*, 126 Ala. 369; Code § 5065.

SIMPSON, J.—The demurrer to the indictment in this case was properly overruled. The words alleged to have been used by the defendant about the female could not, according to the ordinary use of the expression, mean anything else than that she had given birth to a child before she was married, and consequently there was an imputation against the chastity of said female.

The next contention of the appellant is that the court erred in refusing to allow the defendant to give his version of what was said by him, which was that certain persons had told him that the female had been guilty of the matter alleged before marriage, and also refused to allow said persons to testify that they had told him so. This is a matter, upon which the decisions of other states are not in harmony; but we hold that, while it is true that the fact that the defendant was merely repeating what others had told him would not necessarily justify the uttering of a slander or libel, and it is particularly true in the civil action that the injury to the defendant is the same, no matter what the moving cause of the statement be, yet in the criminal offense, in which the jury are al-

[Davis v. The State.]

lowed to fine to any amount from 1 cent up to $500, presumably according to the enormity of the offense, the fact that the defendant was merely repeating what others had said, and stated that fact at the time the words were uttered, giving his authority, were proper facts to go to the jury.—*Riley v. State,* 132 Ala. 16, 31 South. 731.

As heretofore stated by this court: "To constitute the offense, the accusation    *    *    *    must have been false and malicious; and while the state is not required to show, under this statute, by direct proof, that the defendant entertained ill will or hatred towards the person,    *    *    *    or a purpose to injure him, but may infer malice from the character of the accusation and the absence of probable or reasonable grounds for making it," these principles indicate the relevancy of such evidence in assisting the jury in arriving at an intelligent verdict. —*Beal v. State,* 99 Ala. 234, 13 South. 783. From what has been said, it is evident that the charges numbered from 1 to 7, inclusive, were at least misleading, if not absolutely erroneous. Consequently the court cannot be placed in error for refusing them.

The judgment of the court is reversed, and the cause remanded.

WEAKLEY, C. J., and TYSON and ANDERSON, JJ., concur.