[Butler v. The State.]

Dec. 489, *Willie Butler v. State, infra,* and cases cited there, and 1 wharton on Ev. (2d Ed.) § 32.

# Butler *v.* The State.

## *Defamation.*

(Decided June 30, 1909.   50 South. 400.)

1. *Libel and Slander; Defamation; Indictment.*—An indictment for defamation charging that the defendant falsely spoke of A. P. in the presence, etc., charging her with a want of chastity in substance as follows: That Dr. A. said that he was called to see her, meaning that the said A. P., who was then and there a single woman, never having been married, and that she miscarried, and that her mother G. P. buried it, meaning the remains, etc., is sufficient under section 7134, Code 1907, the language used imputing a want of chastity.

2. *Same; Criminal Responsibility; Evidence; Malice.*—Evidence of the repetition of the words charged as being defamatory, and as having been uttered or spoken, or the utterance of words of similar import, after the commencement of the prosecution, concerning the female named in the indictment, are competent to show malice, but not for the purpose of showing that the accused had used the language at the time charged.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Willie Butler was convicted of defamation, and appeals. Reversed and remanded.

Omitting the formal charging part, the indictment was as follows: "Willie Butler did falsely and maliciously speak of and concerning Alta Petty, in the presence of Sam Kennamer, charging her with a want of chastity, in substance as follows: That Dr. W. P. Allen said that he was called to see her, meaning that said Alta Petty, who was then and there a single woman, never having been married, and that she miscarried, and that her mother, Grace Petty, buried it, meaning the remains, in the garden, against," etc. (This is a copy of the corrected indictment, sent up in response to a certiorari to perfect the record.)

The demurrers were as follows: "(1) It does not impute any want of chastity to Alta Petty to say that Dr. Allen was called to see her. (2) Because the language charged against the defendant does not impute a want of chastity to Alta Petty. (3) Because the indictment avers as a matter of fact that the said Alta Petty did miscarry. (4) Because the indictment avers that, as a fact, Grace Petty buried the remains."

STREET & ISBELL, for appellant. The demurrer to the indictment should have been sustained.—*Harris v. The State,* 50 Ala. 77; *Noble v. The State,* 59 Ala. 77. The evidence offered was not competent except for the purpose of showing malice.—*Riley v. The State,* 132 Ala. 13; *Grant v. The State,* 141 Ala. 96. The court went further and permitted it to go in for the purpose of showing guilt, and this is error.—*Clark v. The State,* 78 Ala. 474; *Smith v. The State,* 52 Ala. 384; *McPherson v. The State,* 54 Ala. 221; *Scott v. McKinnick,* 15 Ala. 653; *Slayton v. The State,* 108 Am. St. Rep. 988; 25 Cyc. 553; 18 A. & E. Ency 1106.

ALEXANDER M. GARBER, Attorney-General, for the State. The demurrer was properly overruled.—Sec.

7134, Code 1907. There was no merit in the objection to evidence or the charges of court.—*Grant v. The State,* 141 Ala. 96.

DENSON, J.—The defendant was convicted, under section 5065 of the Code of 1896, of the crime of defamation; and from the judgment of conviction he has taken this appeal.

While the indictment is not a model of good pleading, the court entertains the opinion that the demurrer leveled against it is nothing more than a grammatical criticism, which can avail the defendant nothing, pro-· vided that to a person of common understanding the language attributed to the defendant by the indictment plainly imports a want of chastity in the female referred to therein. That the language of the indictment carries such imputation on its face, we think, there can be no reasonable doubt. Therefore the court trying the case properly held that the demurrer was not well taken.—Code 1896, § 4896; Code 1907, § 7134; *Reid's Case,* 53 Ala. 402, 25 Am. Rep. 627.

Repetition of the words charged to have been spoken, or the utterance of words of similar import, after the commencement of the prosecution, concerning the female named in the indictment, was competent to be proved, to show the animus with which the words charged were spoken; malice, under the statute as it stood in the Code of 1896, being an essential ingredient of the crime charged.—*Riley's Case,* 132 Ala. 13, 31 South. 731; *Grants' Case,* 141 Ala. 96, 37 South. 420; *Stayton's Case,* 46 Tex. Cr. R. 205, 78 S. W. 1071, 108 Am. St. Rep. 988; *Gambrill v. Schooley,* 95 Md. 260, 52 Atl. 500, 63 L. R. A. 427. But the evidence of such repetition should have been confined by the court, in its effect, to the purpose for which it was competent, and in instructing the jury that they might consider the repetition of

the language attributed to the defendant, in determining whether he used the same at the time the state contended he did, the court committed reversible error.—13 Ency Pl. & Pr. (e), p. 110; *Scott v. McKinnish,* 15 Ala. 662; *Stayton's Case,* 46 Tex. Cr. R. 205, 78 S. W. 1017, 108 Am. St. Rep. 988; *Brittain v. Allen,* 14 N. C. 167.

For the error pointed out, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.