# Murphree *v.* The State.

## *Imputing Want of Chastity.*

(Decided June 1, 1915.    69 South. 237.)

*Libel and Slander; Criminal; Want of Chastity; Indictment.*—Under section 7340, Code 1907, an indictment charging that defendant falsely spoke of and concerning a certain named woman, and imputed to her a want of chastity, in that she being at the time of the speaking an unmarried women, was pregnant and standing way out in front, and that her father carried her to Birmingham, and she stayed a week and came back looking all right and slim (meaning by that that she had been, while an unmarried woman, delivered of a child, or had abortion performed upon her) was not sufficient, in that it did not charge that she was unmarried at such a time as would make the pregnancy charged an imputation upon her chastity.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

James C. Murphree was convicted of imputing to a woman a want of chastity, and he appeals. Reversed and remanded.

The indictment, omitting formal charging part is as follows: "James C. Murphree  *  *  *  did falsely speak of and concerning Parentha E. Shelton, a woman, in the presence of  *  *  *  and  *  *  *  charging her with a want of chastity, in substance, as follows: That she (meaning the said Parentha E. Shelton), who was at the time of which the defendant was speaking an unmarried woman, was pregnant and standing away out in front, and that her father, Wm. J. Shelton, had carried her to Birmingham, and she stayed a week, and came back looking all right and slim (meaning by that that she had been, while an unmarried woman, delivered of a child or had an abortion performed upon her)," etc.

RUSSELL & JOHNSON, for appellant.

W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted under section 7340 of the Code of 1907 for falsely imputing to a woman, one Parentha E. Shelton, a want of chastity. (The reporter will set out the charging part of the indictment.) Demurrers interposed to the indictment by the defendant attacking its sufficiency were overruled by the trial court, and this ruling of the court is presented by the record for our consideration on this appeal.

It is insisted in behalf of the defendant that the slanderous words attributed to the defendant as set out in

the indictment do not necessarily impute to the woman of whom they were spoken a want of chastity. It is conceded that such a statement as averred in the indictment to have been spoken by the defendant, as having reference to a woman who had never been married, would in the common understanding of language be per se defamatory. (*Butler v. State,* 162 Ala. 71, 50 South. 400) ; but the contention is that such a statement about a woman who had been married and conceived in lawful wedlock would not be defamatory, and that, so far as anything to the contrary is averred in the indictment, the said woman of whom the words are charged to have been spoken was at the time of the conception which produced the alleged pregnancy a married woman.

The indictment alleges that the woman, Parentha E. Shelton, was an unmarried woman at the time of which the defendant was speaking of her as being in an advanced stage of pregnancy, but there is no averment that she was unmarried at such a time as would make the pregnancy charged an imputation on her chastity; for aught appearing or charged to the contrary, she had conceived and the pregnancy spoken of as existing at that time had been produced through legitimate cohabitation while married. In other words, the averment in the indictment limits the time that the woman was unmarried to the time at which the defendant was speaking of her as being pregnant. It fails to aver that she had not been previously married, or that she was unmarried at the time she was impregnated.

The indictment must charge the defendant with the use of language which in the ordinary use of expression plainly imputes to the female referred to a want of chastity.—*Butler v. State, supra.* If the words per se do not impute a want of chastity, they must be connected

with an averment of the extrinsic facts necessary to show that they contained or carried with them such imputation. And when a charge of pregnancy is the basis of the defamation relied on, it must be averred that the woman was unmarried at such a time as would make the pregnancy charged an imputation on her chastity.—*Smith v. Gaffard,* 31 Ala. 45. In this the indictment was insufficient and must fall, as tested by demurrers taking the point.

Probably it could be said in the ordinary use of the language that it would be defamatory to speak of or concerning any woman as having had an abortion performed, although it may be stated as a matter of common knowledge that such operations are recognized by the medical profession as necessary and legitimate on rare occasions for the preservation of the life of the female. However that may be, the averment in the indictment does not impute generally a crime involving moral turpitude, but limits the charge of slander to an imputation of want of chastity.—Code, § 7340.

The record also shows that the defendant reserved exceptions to those portions of the court's oral charge wherein the jury was instructed, in substance and effect, that if they should find from the evidence that Parentha E. Shelton, the female of whom the words are charged to have been spoken, at the time of which the defendant was speaking, was unmarried, that fact would be conclusive in determining whether the defendant had defamed her, or charged her with a want of chastity. From what we have said in passing upon the demurrers to the indictment it follows that it is our opinion that this portion of the oral charge to which exception was reserved is an erroneous statement of the law.

Reversed and remanded.