I concur with the majority insofar as it holds that Mobile County was not the appropriate venue in which to indict and try the defendant Garfield W. Ivey on the witness-tampering charge. However, I respectfully dissent from that portion of the majority's opinion striking Alabama's criminal-defamation statute as facially unconstitutional and reversing the conviction under that statute. I believe that the statute, when read in its entirety, contains the requirement of "actual malice" as defined by the United States Supreme Court in Garrison v. Louisiana, 379 U.S. 64
(1964). Therefore, I would uphold the conviction of criminal defamation.
In determining the constitutionality of a statute, this Court has a duty to presume that the Legislature intended to enact a statute that does not violate the United States Constitution or the Alabama Constitution. See Centennial Assocs., Ltd. v. Clark, 384 So.2d 616, 618, citing Pruett v. Patton, 288 Ala. 710, 265 So.2d 130 (1972). "In addressing the alleged constitutional infirmities of the Act, we are conscious of the well-established rule requiring courts to defer to the policy-making authority of the Legislature by rejecting constitutional challenges to statutes, where it is possible to do so." Alabama PowerCo. v. Citizens of the State of Alabama, 740 So.2d 371, 377 (Ala. 1999) (citations omitted). This Court has stated:
 "Uniformly, the courts recognize that [the power to strike down a statute as unconstitutional] is a delicate one, and to *Page 952 
 be used with great caution. . . . It follows that, in passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of the government. All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.
 "Another principle which is recognized with practical unanimity, and leading to the same end, is that the courts do not hold statutes invalid because they think there are elements therein which are violative of natural justice or in conflict with the court's notions of natural, social, or political rights of the citizen, not guaranteed by the constitution itself. Nor even if the courts think the act is harsh or in some degree unfair, and presents chances of abuse, or is of doubtful propriety. All of these questions of propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom."
Alabama State Fed'n of Labor v. McAdory, 246 Ala. 1, 9-10, 18 So.2d 810,814-15 (1944) (citations omitted).
In Garrison v. Louisiana, supra, the United States Supreme Court struck down Louisiana's criminal-defamation statute because it punished individuals who made true statements with actual malice and because it explicitly stipulated that false statements were presumed to be malicious. Louisiana caselaw had defined "actual malice" to mean hatred, ill will, enmity, or a wanton desire to injure. The Court in Garrison
held that in order to hold a person criminally liable for statements made against a public official, the statute must require that the statements at issue be false and be made with "actual malice," i.e., with knowledge that they are false or with a reckless disregard as to whether they are false.
Alabama's criminal-defamation statute, § 13A-11-163, Ala. Code 1975, was reenacted in 1980, sixteen years after the Garrison decision. Therefore, we must assume that the Legislature intended to enact a statute that comports with the Garrison requirement. The statute provides:
 "Any person who writes, prints or speaks of and concerning any woman, falsely imputing to her a want of chastity; and any person who speaks, writes or prints of and concerning another any accusation falsely and maliciously importing the commission by such person of a felony or any other indictable offense involving moral turpitude shall, on conviction, be punished by fine not exceeding $500.00 and imprisonment in the county jail, or sentenced to hard labor for the county, not exceeding six months, one or both, at the discretion of the jury."
Ala. Code 1975, § 13A-11-163. The majority notes that the first portion of § 13A-11-163, which clearly is not applicable to this case, does not comport with constitutional standards. The majority then concludes that this Court has no duty to assume that the rest of the statute is constitutional. The defendant was not charged with violating the first portion of the statute. More importantly, that first portion is separate and severable from the portion of the statute at issue in this case. *Page 953 
Therefore, the unconstitutionality of the first portion does not relieve the Court of its duty to presume the constitutionality of the rest of the statute. In State ex rel. Pryor v. Martin, 735 So.2d 1156,1159 (Ala. 1999), this Court held that the Legislature had expressly intended for courts to "sever and save statutory provisions not tainted by the unconstitutionality of other provisions in the same statute," by its enacting of Ala. Code 1975, § 1-1-16.[7] This Court stated: "`[T]he authority of a court to eliminate invalid elements of an act and yet sustain the valid elements is not derived from the legislature, but rather flows from powers inherent in the judiciary.'" 735 So.2d at 1158, quoting 2 Norman J. Singer, Sutherland Statutory Construction, § 44.08 (5th ed. 1992).
Section 13A-11-163, Ala. Code 1975, is markedly different from the constitutionally infirm Louisiana statute at issue in Garrison. Section13A-11-163 requires that "any person who speaks, writes or prints of and concerning another any accusation falsely and maliciously importing the commission by such person of a felony or any other indictable offense involving moral turpitude shall, on conviction, be punished." This statute does not punish true statements, and it does not allow for a presumption that all false statements are malicious. Black's LawDictionary states, "The word `falsely,' particularly in a criminal statute, suggests something more than a mere untruth and includes perfidiously or treacherously or with intent to defraud." Black's LawDictionary 602 (6th ed. 1990). In order to speak falsely, one must have knowledge that the statements he or she makes are false. Mere negligence is insufficient. Making a false statement with malicious intent but without knowledge of the statement's falsity differs from "speaking falsely" with malicious intent, because speaking falsely implies a moral element — knowledge of the statement's falsity. This knowledge is what the United States Supreme Court required in Garrison in order to make a false statement punishable. When read in its entirety, Alabama's criminal-defamation statute requires knowledge on the part of the defendant that the allegedly defamatory statements are false.
The majority contends that § 13A-11-163 cannot possibly require that a defendant have knowledge of the statement's falsity, because of judicial construction and definitions given to that statute in 1893 and 1902. However, when the United States Supreme Court in 1964, inGarrison, supplied constitutional requirements for criminal-defamation statutes, the cases cited by the majority were implicitly overruled insofar as they conflicted with those requirements. The criminal-defamation statute was reenacted in 1980. Twenty years after the reenactment of the statute, the trial court in this case properly instructed the jury that it must find "actual malice" under Alabama's criminal-defamation statute. It is not illogical to assume that the standard for criminal-defamation statutes announced by the United States Supreme Court in Garrison supplanted *Page 954 
the definitions supplied by this Court for § 13A-11-163. Therefore, I do not believe Riley v. State, 132 Ala. 13, 16, 31 So. 731, 732 (1902), and Beal v. State, 99 Ala. 234, 13 So. 783, 784 (1893), to be authoritative on how this Court must rule.
Additionally, the majority implies that in order to save that portion of the statute under which this defendant was prosecuted, this Court would have to violate the separation-of-powers doctrine and to legislate. At the close of the trial, the court instructed the jury by using the "actual-malice" standard stated by the United States Supreme Court in Garrison. This was not an impermissible judicial construction of § 13A-11-163. It would have been impermissible for the trial judge to redefine a term that the Legislature had explicitly defined in the statute. In this case, in the absence of an express legislative definition, the ordinary meaning of the term "maliciously" is implied, and the trial court defined the term in conformity with the "actual-malice" standard stated in Garrison.
The United States Supreme Court has held that a criminal-defamation statute must require that, to be punishable, statements be false and be made by a person having knowledge of their falsity or acting with a reckless disregard as to whether they are true. Alabama's criminal-defamation statute punishes anyone who "speaks, writes or prints of and concerning another any accusation falsely and maliciously importing the commission by such person of a felony or any other indictable offense involving moral turpitude." This wording, by definition and by judicial instruction, requires that a defendant have knowledge of the statement's falsity. A reasonable person reading the statute would know what actions are prohibited, and certainly an attorney, such as Garfield Ivey, charged with knowledge of the law, can be held to no lesser standard. The use of the words "speaks, writes or prints . . . any accusation falsely and maliciously" requires the speaker's knowledge of the falsity. The trial judge's instructions ensured that the jury would not use an unconstitutional definition of "maliciously."
Considering the statute in light of these principles, and with the presumption of constitutionality that this Court must give to statutes passed by the Legislature, I cannot conclude that § 13A-11-163 is unconstitutional.
Because I believe Alabama's criminal-defamation statute meets the standard stated in Garrison, I would affirm the conviction of criminal defamation. Therefore, I dissent from that portion of the opinion and judgment reversing that conviction.
[7] The majority opinion incorrectly implies that in order for this Court to uphold the remaining provisions of an act when one provision is found to be unconstitutional, each act that is codified must contain a "severance" clause. However, § 1-1-16 provides:
 "If any provision of this Code or any amendment hereto, or any other statute, or the application thereof to any person, thing or circumstances, is held invalid by a court of competent jurisdiction, such invalidity shall not affect the provisions or application of this Code or such amendment or statute that can be given effect without the invalid provisions or application, and to this end, the provisions of this Code and such amendments and statutes are declared to be severable."