### Tobe Hasley v. The State.

#### No. 260.   Decided December 8, 1909.

**Slander of Female—Variance—Indictment—Proof.**

Where, upon trial of falsely slandering a female, the indictment charged that the defendant said that he had been having carnal intercourse with the alleged female, and the proof showed that he said he had had a good time with her, and words to that effect, the variance is fatal. Following Conlee v. State, 14 Texas Crim. App., 222, and other cases.

Appeal from the County Court of Nacogdoches.   Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of unlawfully slandering a female; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant in this case was convicted of slander in falsely imputing to the woman named in the indictment a want of chastity. The language attributed to him is thus stated in the indictment: "Did then and there unlawfully, falsely and maliciously, and falsely and wantonly orally impute to ................., then and there a married female in this State, a want of chastity, in this, to wit: He, the said Tobe Hasley, did then and there in the presence and hearing of Dr. T. G. Fuller say that he, the said Tobe Hasley, had had carnal intercourse with the said ................. and that she, the said ................., had on diverse occasions met him, the said Tobe Hasley, at night at the back of the residence of her husband, meaning that she had met him for the purpose of having carnal intercourse with him, the said Tobe Hasley, and that he had had carnal intercourse with her." The language proved by Dr. Fuller was in substance to the effect that "a person could have a fine time there, referring to the woman named." Again, he says, "I asked him how he managed to see this lady and he said that she would meet him at the back of the house, back of the patch there is a place of woods." This witness further made this statement: "He said that he had been having a time with her." This witness, as other

witnesses, was permitted to testify what they understood to be meant by the terms "having a good time" or "a time with her." This testimony was objected to as being a variance in the language proven and that charged in the indictment. The language of the indictment is that appellant stated that he had had carnal intercourse with the woman named. It may be and doubtless is true that he meant to imply by his statement that he had been having a good time with her, that the person to whom he made such statement should understand that he had been having carnal intercourse with her. The language, however, is not the same, nor is this the inevitable or clear meaning of it. There is no charge that he used this particular language in the indictment, but the language is that he had been having carnal intercourse with the person named. It is well settled in this State that slanderous words as substantially alleged must be substantially proved. Conlee v. State, 14 Texas Crim. App., 222; Frisby v. State, 26 Texas Crim. App., 180; Riddle v. State, 30 Texas Crim. App., 425, and Rogers v. State, 30 Texas Crim. App.; 462, and Berry v. State, 27 Texas Crim. App., 483. In the case of Tippins v. State, 43 S. W. Rep., 1000, the variance held to be fatal was less apparent than that here appearing.

For this error it is ordered that the judgment of conviction be and the same is hereby reversed and the cause remanded.

*Reversed and remanded.*