## Morris Woods v. The State.

No. 360. Decided January 26, 1910.

### 1.—Slander of Female—Indictment—Want of Chastity.

Where upon trial of slander of a female, the indictment failed to charge that the language employed in itself imputed a want of chastity to the alleged female, and there were no innuendo averments as to what the language used meant, the same was insufficient.

### 2.—Same—Charge of Court—Or Otherwise.

Where upon trial of slander of a female the court instructed the jury that if defendant imputed a want of chastity to the alleged female, orally or otherwise, he would be guilty, the same was reversible error. The allegation being that the slander was oral.

Appeal from the County Court of Young. Tried below before the Hon. E. W. Fry.

Appeal from a conviction of slander of a female; penalty, a fine of $400 and ten days confinement in the county jail.

The opinion states the case.

*Kay & Akin,* for appellant.—On question of insufficiency of indictment: Tippens v. State, 43 S. W. Rep., 1000.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment, omitting the formal parts, charges that appellant "did then and there orally, falsely and maliciously and falsely and wantonly impute to one Mrs. Dosia Harty, the wife of Willis Harty, a married female in this State, a want of chastity in this, to wit: He said Morris Woods in the presence and hearing of J. W. Foster and Willis Foster falsely and maliciously and wantonly say of and concerning the said Mrs. Dosia Harty that 'She was not a respectable woman;' that 'no one associated with her on this account.' That 'John Harty, the eldest child of said Mrs. Dosia Harty and Willis Harty, her husband, had no father.' 'That the reason that no one ever come to see them, the said J. W. Foster and Willis Foster and their family, was because they associated with the said Mrs. Dosia Harty and her family.' That 'he, the said Morris Woods, could prove that John Harty had no father.' Against the peace and dignity of the State."

This indictment is vigorously assailed because it fails to allege a violation of the statute under which it was framed. Article 750 of the Penal Code reads as follows: "If any person shall orally or otherwise, falsely and maliciously or falsely and wantonly impute to any female in this State, married or unmarried, a want of chastity, he shall be deemed guilty of slander," etc. It is insisted that the language employed does not of itself impute to Mrs. Dosia Harty a want of chastity. That in order to bring this within the statute there should

have been innuendo averments alleging what the language meant, and that as spoken and intended it meant by the language employed that Mrs. Harty was a female without chastity. Under our authorities this contention is well taken. The language that Mrs. Dosia Harty "was not a respectable woman" does not of itself impute a want of chastity. There are many ways that a woman may be regarded as not respectable without impugning her virtue or chastity. It will be noticed from the indictment copied above that there is no innuendo averment setting forth the meaning of the imputed language, nor is there any innuendo averments in regard to any of the language. We, therefore, are of opinion that the indictment is vicious.

2. There is another question raised which it may be well to notice in case of further prosecution. The court instructed the jury that if appellant imputed a want of chastity to Mrs. Harty orally or otherwise, he would be guilty. This is error. While the statute provides that a want of chastity may be imputed orally or otherwise, yet when the pleader has selected the imputation and charged it, the State will be bound by such pleading in regard to the imputation. The jury are not authorized to consider other matters than charged, nor was the court warranted in instructing that they might convict him for the imputation of the want of chastity "otherwise" than alleged in the indictment, which is set out in the language averred to have been used by appellant. The charge should have confined the jury to the specific allegations.

3. It is not necessary to discuss that part of the motion for a new trial in regard to newly discovered evidence. If there should be another trial this evidence could be obtained, and would not, therefore, then be newly discovered.

For the errors pointed out the judgment is reversed and the prosecution is ordered dismissed.

*Reversed and dismissed.*