JUANA FERNANDEZ DE GAMBOA v. THE STATE.

No. 7403.    Decided May 30, 1923.

**Slander of Female—Variance.**

Where, upon trial of slander of a female, there was a fatal variance between the averment and proof, the judgment must be reversed and the cause remanded. Following Adams v. State, 62 Texas Crim. Rep., 426, and other cases.

Appeal from the County Court of El Paso. Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of slander of a female; penalty, a fine of $100.00.

The opinion states the case.

*Owen & Bridgers,* for appellant.—On the question of variance, Roberts v. State, 100 S. W. Rep., 150; Porter v. State, 107 id., 818.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is slander; punishment fixed at a fine of one hundred dollars.

The information charged that appellant imputed a want of chastity to a female by the use of these words:

"Carmen Nunez, a single woman, who had theretofore never been married, a want of chastity to-wit: The said Juana Fernandez de Gamboa, did then and there in the presence of Antonio Garcia and divers other persons, falsely, maliciously, and wantonly say, in the Spanish language, of and concerning the said Carmen Nunez: 'Carmen Nuñez, no es virgen ó señorita; ella es de la calle y pertinece á la calle. Venga Ud á mi casa, y le provaré con cartas que ella es de la calle y no es virgen ó señorita,' which said Spanish translated into the English language is and means: 'Carmen Nunez is not a virgin, she is a street walker, and belongs to the street. Come to my house and I will prove by letters that she is a street walker and not a virgin.'"

If we properly comprehend the evidence which was introduced by the State, it goes to show that Carmen Nunez was an unmarried woman; that the appellant, while in the city of Juarez, Republic of Mexico, had a conversation with the prosecuting witness in which there was language used imputing a want of chastity to Carmen Nunez. At the time the conversation took place, the witness and appellant and others were riding in an automobile. After the language was used they crossed the river and came to the City of El Paso, Texas, and while in El Paso, appellant requested the witness to go to her house in order that she might exhibit some letters, which would prove that Carmen Nunez was not a "senorita." The Spanish words used on the occasion are these: "Por le prover Carmen no es senorita." The use of any defamatory language was denied by the appellant and other witnesses who were present. The testimony was given through an interpreter. There was a contention touching the meaning of the word "senorita" as used in the Spanish words spoken in El Paso.

In our judgment, there was a fatal variance between the averment and proof. The offense can rest alone upon the language used in El Paso. That used in Juarez was admissible upon the issue of intent but not as a basis for the prosecution. The language used in Texas was that Carmen Nunez was not a "senorita." The meaning of this, it seems, is debatable. The Spanish words set out in the indictment differ materially from those proved to have been uttered in El Paso. Their English translation is different. As translated, the words mean:

"Carmen Nunez is not a virgin, she is a street walker, and belongs to the street. Come to my house and I will prove by letters that she is a street walker and not a virgin."

The words used in Texas, as translated, mean "Carmen Nunez is not a virgin."

See Humbard v. State, 21 Texas Crim. App. 200; Barnett v. State,

35 Texas Crim. Rep. 280; Hasley v. State, 57 Texas Crim. Rep. 400; Woods v. State, 58 Texas Crim. Rep. 103; Adams v. State, 62 Texas Crim. Rep. 426; Simer v. State, 62 Texas Crim. Rep. 514.

The variance is deemed fatal. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*